IN THE UNITED STATES DISTRICT COURT
FOR
THE THIRD CIRCUIT

UNITED STATES OF AMERICA     *

v.     *

Docket: 2641 (MLC)

Crim. No.: 3:12-cr-204-01 (MLC)

C. TATE GEORGE     *

    Petitioner

\* \* \*

PETITIONER'S REQUEST FOR LEAVE TO FILE
SUPPLEMENTAL BRIEF BASED ON RECENT
THIRD CIRCUIT CASE PRECEDENT

RECEIVED
AUG 15 2017
Chambers of
Anne E. Thompson, U.S.D.J.

RECEIVED
AUG 15 2017
AT 8:30
WILLIAM T. WALSH M
CLERK

    NOW COMES the Petitioner, C. Tate George, pro se, and requests leave to file a supplemental brief based on recent Third Circuit case precedent. This supplemental brief is submitted in support of his pending habeas petition pursuant to 28 U.S.C. Section 2255, and states as follows:

    On August 1, 2017, the Third Circuit Court of Appeals decided the case of Haskell v. Superintendent Greene SCI, 2017 BL 266640, 3d Cir., No. 15-3427 (3d. Cir. 2017). In Haskell, the court ruled that prosecutors who knowingly present perjured witness testimony or fail to correct it violate a defendant's right to a fair trial. In writing for the court, Circuit Judge Thomas L. Ambro asked the following question: "At root is how can a defendant possibly enjoy his right to a fair trial when the state is willing to present (or fails to correct) lies told by its own witness and then vouches for and relies on that witness's supposed honesty" in its closing argument? He answered that question by quoting the U.S.

-1-

Supreme Court in <u>Napue v. Illinois</u>. He is quoted as stating further that "A lie is a lie, no matter what its subject, and, if it is any way relevant to the case, the district attorney has the responsibility and duty to correct what he knows to be false and elicit the truth."

In <u>Haskell</u>, the defendant was found guilty of a murder that stemmed from a bar shooting; a government witness testified against the defendant and claimed she didn't expect any benefit from her testimony. However, the prosecutor knew she was getting favorable treatment in her own criminal case in exchange for her testimony. The prosecutor not only failed to correct her, but restated her claim that she wasn't receiving a benefit. Doing so violated the defendant's right to a fair trial. The conviction was **VACATED**.

In the case at bar, there is irrefutable evidence that the prosecutor suborned perjury of two of its star witnesses, Ralph Ramsey and Dwayne Taylor, who both testified that neither had signed a "release" of invested funds authorized Petitioner to disburse said funds to Defendant Ejekam relating to the Illinois Project. Evidence of this subornation of perjury consists of the actual signed "release" which was inadvertently delivered by the government to Petitioner, and presented to Petitioner as "pre-trial" discovery material during the actual trial proceeding! Thus, the government had prior knowledge of the fact that both Ramsey and Taylor perjured themselves during their trial testimonies. As star witnesses, their perjured testimony was "material" to the case and had a prejudicial influence on the jury constituting "false evidence". Thus, the credibility of the government's entire case was compromised and Petitioner's right to a fair trial was violated. Period.

Evidence of the actual "release" signed by Ralph Ramsey (on behalf of both himself and Dwayne Taylor) is attached to the Petitioner's habeas petition under 28 U.S.C. Section 2255 now pending before this Honorable Court as Exhibit "E" thereof.

**WHEREFORE**, the Petitioner, C. Tate George, pro se, requests that the recent decision in Haskell be acknowledged as applicable case authority in support to his pending Section 2255 petition.

Dated: Aug, 9th 2017

Respectfully submitted,

C. Tate George, pro se
Fed. No. 63223-050
FCI Fort Dix
Box 2000
Joint Base MDL, NJ 08640-5433

**CERTIFICATE OF SERVICE**

I **HEREBY CERTIFY** that a copy of the foregoing Request for Leave to file this supplemental brief was mailed on this 9th day of August, 2017, by first-class mail, postage prepaid to:

Bruce P. Keller, AUSA
Office of the U.S. Attorney
970 Broad Street
Rm. 700
Newark, NJ 07102

C. Tate George, pro se

-3-

C. Tate Greller
Fed # 63223-050
Fort Dix Camp
Box 2000
Joint Base MDL, N.J. 08640

TRENTON
14 AUG 2017

Judge Anne E. Thompson
Clerk Office
402 East State Street.
Room 2020
Trenton, N.J. 08608

Legal Mail

08608-150020