IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**RECEIVED**

NOV 2 8 2017

Chambers of
Anne E. Thompson, U.S.D.J.

C. TATE GEORGE,                    *

    Petitioner

                  *

v.                                        Civil Action

                 *.  No. 17-2641  (AET)

UNITED STATES OF AMERICA,

    Respondent.        *

**RECEIVED**

DEC 0 4 2017

     *    *    *        AT 8:30_____
                                  WILLIAM _____ M

## PETITIONER'S MOTION FOR JUDGMENT ON THE PLEADINGS

      **NOW COMES** the Petitioner, C. Tate George, pro se, and moves this Honorable Court for judgment on the pleadings pursuant to Federal Rules of Civil Procedure Rule 12(c), and in support thereof states as follows:

### I. STATEMENT OF THE CASE

      On November 20, 2017, the court issued an Order to Show Cause based upon the Respondent's failure to file an Answer to Petitioner's initial petition for habeas corpus.

      As set forth in the court's November 20, 2017 Opinion, Petitioner first filed his motion on April 18, 2017. This petition was terminated administratively on May 1, 2017, and Petitioner resubmitted his initial petition on July 7, 2017, which the court denied without prejudice. Again before an Answer was due, on

-1-

October 20, 2017, Petitioner filed another motion to amend
(Dkt.No. 21).

The court **GRANTED** Petitioner's motion to amend, and
issued the Order to Show Cause. (Dkt.No. 24).

On November 21, 2017, the government wrote a letter
to the court apologizing for its undue delay stating that it
wrongly assumed that the court would set a new schedule for
briefing in this matter after ruling on Petitioner's motion to
amend. This is the only explanation provided the court for the
undue delay! As a matter of time since the issuance the court
ordered the government to respond by October 31, 2017, as of
the date of this Response, more than 75 days has elapsed without
the government's Answer being submitted to the court. Therefore,
the original 60-day response time for the government to Answer
has been exceeded by at least 15 days!

In its November 21, 2017 letter to the court, the
government has the audacity to request an additional 60 days to
Answer! In response, Petitioner opposes the government's request
for extension of 60 days as well as its request for the court to
vacate the Order to Show Cause, and as reasons states the following:

1. The Respondent   has failed to justify an additional
60-day extension to file an Answer based on "excusable neglect"
as a matter of law within the meaning of this term as enunciated
by the Third Circuit Court of Appeals in Consolidated Freightways
v. Larson, 827 F.2d 916 (3rd Cir. 1987). In Consolidated, the
Third Circuit promulgated explicit rules to follow to determine
whether an opposing party can claim "excusable neglect" and held:

-2-

The term "excusable neglect" standard requires case-by-case analysis within the meaning of Local Rule 4(a)(5), and it requires, at minimum, weighing and balancing of whether 1) the inadvertence reflects professional incompetence such as ignorance of rules of procedure, 2) asserted inadvertence reflects easily manufactured excuse incapable of verification by court, 3) tardiness results from counsel's failure to provide for readily foreseeable consequence, and 4) inadvertence reflects complete lack of diligence, or 5) court is satisfied that inadvertence resulted despite counsel's substantial good faith efforts toward compliance.

Based upon the foregoing Third Circuit criteria stated above, Petitioner strongly argues that criterias 1 thru 4 apply in this case. This is especially true because the Respondent blatantly failed to properly request a formal extension of time to file its Answer at any time prior to the exhaustion of the original 60-day time allotment. This failure, arguably, can be interpreted by the court to be an insult! There can be no doubt that the Office of the United States Attorney knew or should have known the procedural curtesy to extend the court by requesting such an extension **PRIOR TO THE END OF THE 60-DAY ALLOTMENT OF TIME!**

2. Petitioner also places particular emphasis on the fourth criteria mentioned above: namely, he feels that the alleged inadvertence reflects an easily manufactured excuse incapable of verification by the court!

3. Petitioner asserts that the granted amendments to his original Section 2255 petition were minor changes to clear up

-3-

any confusion by the court in interpreting the Petitioner's claims, and not matters of new meritorious arguments requiring additional time for the Respondent to ponder a response! Moreover, a 60-day extension is unconscionable in light of the fact that at least 75 days has already elapsed since the initial filing of his petition.

**WHEREFORE**, Petitioner, C. Tate George, prayerfully requests that Respondent has had ample time to file an Answer to his Section 2255 motion. As a matter of law, such a habeas motion must be decided promptly because the Petitioner's "liberty" interest mandatorily takes precedence over any undue delay.

Based on the foregoing, Petitioner moves that this Honorable Court **DENY** Respondent's requests for an extension of 60-days, and especially **DENY** Respondent's request to vacate the Order of Show Cause in this matter. Consequently, Respondent strongly urges the court to **GRANT** his motion for Judgment on the pleadings primarily based upon the fact that Respondent has woefully failed to convince the court of any "excusable neglect" in compliance with Third Circuit precedent in <u>Consolidated</u>.

Dated: November 25, 2017                    Respectfully submitted,

                                            _____
                                            C. Tate George, pro se
                                            Fed. No. 63223-050
                                            FCI Fort Dix
                                            Box 2000
                                            Joint Base MDL, NJ 08640-5433

### AFFIDAVIT

I **HEREBY CERTIFY** that the foregoing facts are true and correct to the best of my knowledge and belief upon pain of perjury as per 28 U.S.C. Section 1746.

-4-                    C. Tate George

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the following motion for default judgment was mailed on this 22nd day of November, 2017, by first-class mail, postage prepaid to: Bruce P. Keller, AUSA, Office of the U.S. Attorney, 970 Broad Street, Rm. 700, Newark, NJ 07102.

C. Tate George, pro se

State CarolyE
Fed 63223-050
Fort Dix Camp
Box 2000
Joint Base MDL, N.J. 08640

JUDGE ANNE THOMPSON
400 EAST State Street
Clerk's office- Room 2020
Trenton, N.J. 08608

TRENTON

27 PM

FOREVER

FOREVER

FOREVER

Legal mail

Judge Anne Thompson
402 East State Street
Clerk's Office Rm. 2020
Trenton, N.J. 08608

Legal
Mail