IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| C. TATE GEORGE,<br><br>   Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>   Respondent. | HONORABLE ANNE E. THOMPSON<br><br>Civil Action<br>No. 17-2641 (AET)<br><br>OPINION |

RECEIVED
FEB 27 2018
AT 8:30_____M
WILLIAM T. WALSH
CLERK

**THOMPSON, District Judge:**

**I.   INTRODUCTION**

This matter comes before the Court on Petitioner C. George Tate's motion for judgment on the pleadings, (ECF No. 29), and Motion Under Rule 1003 (ECF No. 34). For the reasons stated herein, the motions are denied.

**II.   BACKGROUND**

Petitioner was convicted of four counts of wire fraud, 18 U.S.C. §§ 1343 & 2, after a jury trial before the Honorable Mary L. Cooper, U.S.D.J. *United States v. George*, No. 12-cr-0204 (D.N.J. Jan. 21, 2016). The United States Court of Appeals for the Third Circuit affirmed the convictions and 108-month sentence in April 2017. *United States v. George*, 684 F. App'x 223 (3d Cir. 2017). Petitioner filed his motion to correct, vacate, or set aside his federal sentence under 28 U.S.C. § 2255 on April 28, 2017. (ECF No. 1). Judge Cooper administratively terminated the motion on May 1, 2017 as Petitioner had not used the form provided by the Clerk's Office for § 2255 motions. (ECF No. 2). Petitioner resubmitted his petition on the proper

form on July 7, 2017. (ECF No. 7). The matter was reassigned to the undersigned on July 24, 2017.

After Petitioner filed several motions to amend his petition as well as several supplemental exhibits, the Court issued an order to answer on September 1, 2017. (ECF No. 16). Respondent did not file its answer within the time frame ordered by the Court, and the Court issued an Order to Show Cause on November 20, 2017. (ECF No. 25). Respondent answered the Order to Show Cause and requested until January 21, 2018 to answer the motion. (ECF No. 27). The Court vacated the Order to Show Cause and granted the request. (ECF No. 28). Petitioner filed this motion for judgment on the pleadings. (ECF No. 29).

Petitioner sent seventeen binders containing approximately 3,000 pages to chambers claiming they were "exculpatory and impeaching" evidence trial counsel failed to present at trial. (*See* ECF No. 31). The Court returned the binders to Petitioners unfiled and issued an order prohibiting him from sending further filings to chambers. (ECF No. 32). Petitioner thereafter filed a motion citing Federal Rule of Evidence 1003 and asking to file the binder materials without resubmitting them to the Court or sending copies of the binders to Respondent.[1]

**III. DISCUSSION**

"A motion for judgment on the pleadings should be granted if the movant establishes that 'there are no material issues of fact, and he is entitled to judgment as a matter of law.'" *Zimmerman v. Corbett*, 873 F.3d 414, 417 (3d Cir. 2017) (quoting *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005)). The Court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sikirica*, 416 F.3d at 220. Petitioner's sole argument in support of his motion is that

---

[1] The certificate of service only states that the motion was sent to Respondent. (ECF No. 34 at 4).

Respondent failed to file a timely answer. This is not an argument for judgment on the pleadings; Petitioner is asking for a default judgment.

As this Court noted in its opinion denying Petitioner's prior motion for a default judgment, "[d]efault judgment is inapplicable in the habeas context." *Riley v. Gilmore*, No. 15-351, 2016 WL 5076198, at *1 n.2 (E.D. Pa. Sept. 20, 2016), *certificate of appealability denied sub nom. Riley v. Superintendent Greene SCI*, No. 16-3954, 2017 WL 5068120 (3d Cir. Feb. 9, 2017). *See also In re West*, 591 F. App'x 52, 54 n.3 (3d Cir. 2015) ("Even if the Government had failed to respond to the § 2255 motion, it does not follow that West is entitled to a default judgment."). "Indeed, the rule of civil procedure governing entry of default, Rule 55(d), specifically states that a 'default judgment may be entered against the United States . . . only if the claimant establishes a claim or right to relief by evidence that satisfies the court' even outside of the habeas context." *Norwood v. United States*, No. 15-2996, 2015 WL 5822874, at *3 (D.N.J. Sept. 30, 2015) (quoting Fed. R. Civ. P. 55(d) (omission in original)). The case cited by Petitioner, *Consolidated Freightways Corporation of Delaware v. Larson*, 827 F.2d 916 (3d Cir. 1987), is inapplicable as it is an analysis of Federal Rule of Appellate Procedure 4. Petitioner has not provided sufficient evidence to satisfy the Court he is entitled to relief under § 2255.

Federal Rule of Evidence 1003 is not an independent basis for admissibility. It merely permits the party to provide a duplicate instead of the original "[w]hen the only concern is with getting the words or other contents before the court with accuracy and precision . . . ." Fed. R. Evid. 1003 Advisory Committee Note. Petitioner has not resubmitted the proposed evidentiary materials, nor has he complied with the Court's instructions to file "a formal motion to supplement or amend Petitioner's § 2255 petition with specific explanations as to how each

document is relevant to his § 2255 motion." (ECF No. 32). Nor has he served Respondent with a copy of the materials so that it may respond to them.

The motions are denied.

## IV. CONCLUSION

For the reasons stated above, Petitioner's motions are denied. An accompanying Order will be entered.

2/27/18
Date

ANNE E. THOMPSON
U.S. District Judge