IN THE UNITED STATES DISTRICT COURT
FOR THE THIRD CIRCUIT

RECEIVED

AUG 3 1 2018

Chambers of
Anne E. Thompson, U.S.D.J.

United States of America

v.

Civil Action No.: 17-2641

Criminal Case No.: 3:12-CR-204-01 (MLC)

C. Tate George
    (Petitioner)

PETITIONER'S MOTION TO IMMEDIATELY UNSEAL PETITIONER'S
POST TRIAL EVIDENCE FILED WITH THE COURT
UNDER DOCUMENT #210-7121
FILED 2/16/16 CASE #12-CR-00204-01 (MLC)

Now before the Court, Petitioner C. Tate George, pro se, Motion to Compel the Court to grant Petitioner's Motion to "Unseal" post-trial key evidence in support of Petitioner's 2255 petition as well as for the Motion for Immediate Summary Judgment Under Rule 56. This Motion is timely filed to address the District Court's error in sealing vital exculpatory and impeaching evidence from the public during the post-trial proceedings.

BRIEF HISTORY

(Post-Trial) Petitioner, proceeding pro se, provided thousands of documents taken from the Government's "Brady" discovery disk (once unblocked) to the Court. The Court decided (for Good Cause) to seal evidence it presumed sensitive to the public. This Ruling was given without consideration of Federal Rules and Procedures Rule 5.2 and Rule 49.1 Privacy and Protection for Filing made with the Court. (Also include Rules §649.1.02, §649.1.06, §649.1.07, §649.1.11, §606.06, and §2247, etc.).

SUPPORTING FACTUAL POSITION(S)

It is clear where the Federal Rules give specific reasons why a Court may enter Protective Order for Good Cause where it states:

#1  §606.06 Secrecy of Grand Jury Proceedings

It is a long-established policy that the secrecy of grand jury proceedings should be carefully maintained. Secrecy helps to prevent the escape of prospective indictees by providing no forewarning of the investigation in progress; it

ensures that the grand jury investigation can proceed freely by protecting the grand jurors from outside influences and threats of reprisal; it serves to prevent the subornation of perjury and tampering of witnesses without fear of retaliation; and finally, it acts as a shield by protecting innocent people under investigation from the injury to their reputations that could be caused by the disclosure of baseless accusations. However, the secrecy of grand jury proceedings is not absolute. The Supreme Court has stated that "in some situations justice may demand that discrete portions of transcripts be made available for use in subsequent proceedings."

(The documents provided to the Court does not include Grand Jury proceedings).

#2 §649.1.07 Court May Enter Protective Orders for Good Cause

When necessary to protect against disclosure to nonparties of sensitive or private information, the court may order in a particular case more extensive redaction than otherwise required by Rule 49.1.1. The court can accomplish this by entering protective orders based on good cause. Under Rule 49.1, when the court finds good cause, the court may by order in a case require redaction of additional information or limit or prohibit a nonparty's remote electronic access to a document filed with the court. The availability of a protective order does not affect the limitations on sealing that are otherwise applicable to the court.

(All documentation filed with the Court does not include sensitive or private information disclosure to non-parties).

#3 The Court Went as Far as to "Not Order" that the Documents be Redacted under Rule 49.1(A) Because None of the Information Listed Within this Statute Applies Where it States:

    (a) Redacted Filings.

Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, a financial account number, or the home address of an individual, a party or nonparty making the filing.

Furthering in Rule 49.1(A)
    Provides for the public filing of some information, the rule does not

intend to establish a presumption that this information never could or should be protected. It may be necessary for privacy or security reasons in certain cases to prevent remote access by nonparties to any part of an account number or social-security number to protect information not covered by the redaction requirement in a particular case. This will require protection to be sought under subdivision (d) or (e) of Rule 49.1.2. There are no documents filed that need to be redacted due to the above items listed are not a part of any documents filed with the Court.

In fact, under Rule 49.1(b)(6), pro se litigants are exempt from the redaction requirements and does not apply under 28 U.S.C (2241, 2254 or 2255).

Protective Orders. Fed.R.Crim.P.49.1, advisory committee note; see United States v. Mazen Abdallah, 2009 U.S. Dist. LEXIS 63879, at *4-*7 (S.D. Tex. July 24, 2009)(in Medicare and Medicaid fraud case the government moved to seal the entire record for appeal to prevent disclosure of private patient information; court concluded that government did not show good cause under Fed.R.Crim.P.49.1(e) to seal the entire trial transcript, only for redaction of specific personal identifiers listed under Fed.R.Crim.P.49.1; trial testimony about patients' medical histories and treatments was offered by the patients themselves in open court and was a vital part of the government's case, and the asserted privacy interest of the patients is not having the trial transcript publicly available does not outweigh the public's common-law right of access to the court documents and proceedings).

The case at Bar falls under the similar issues as U.S. v. Mazen Abdallah. Witnesses that were a part of the ( and not a part of) criminal proceeding of Petitioner: is currently a part of open court civil proceedings with most of the documentation filed with the District Court. There is extensive case law that gives the opinion, such as Lytle v. J.P. Morgan Chase where it states; All documents in support of or in opposition to financial company's motion for summary judgment were to be unsealed in their entirety, as financial company did not contend that alleged injured person would suffer any injury if information is made public, and because alleged injured person himself had not opposed unsealing of information; thus, any privacy interest that alleged injured person may have in protecting information was outweighed by presumption of access to it, except for one document containing certain personal information relating to alleged injured person, parts of which were to remain redacted pursuant to Fed.R.Civ.P.52. Lytle v. JP Morgan Chase. 810 F Supp 2d 616 (SDNY 2011).

## AFFIDAVIT

I HEREBY CERTIFY that the foregoing facts are true and correct to the best of my knowledge and belief upon the pain of perjury under 28 USC §1746.

*[signature]*
C. Tate George, pro se


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the following motion for Immediate Unsealing of Petitioner's Post-Trial Evidence was mailed on this 27th day of August 2018, by first-class mail, postage prepaid to: Zack Intrader, AUSA Office of the US Attorney, 970 Broad St, Rm. 700, Newark, NJ 07102.

*[signature]*
C. Tate George, pro se

## CONCLUSION

Under Rule 228 Confidentiality (b) Publicity of Court Proceedings.

On order of the Court portions or all of the hearings, testimony, evidence, and reports in any action under this Title may be closed to the public or to inspection by the public, to the extent deemed by the Court to be appropriate in order to preserve the anonymity, privacy, or confidentiality of any person involved in an action within Code Section 6110. See Code Section 6110(f)(6).

The Court errored assuming there was a need for anonymity privacy or confidentiality. In addtion, the Government did not request any post trial evidence be sealed due to a need for privacy to anyone directly and/or indirectly including evidence left out of trial now in support of Petitioner's motions.

As a matter of law, in Rule 649.1.06(2) the Court may order documents filed under seal to be "unsealed". Also, it cannot go unnoticed in Rule §2247 - Documentary evidence:

On application for a writ of habeas corpus documentary evidence, transcripts of proceedings upon arraignment, plea and sentence and a transcript of the oral testimony introduced on any previous similar application by or in behalf of the same petitioner, shall be admissible in evidence. (June 25, 1948, ch 646, 62 Stat. 966).

Based on the foregoing undisputed factual and legal matters listed in this Motion (not to mention the need to unseal vital evidence to the public under the Freedom of Information Act); there is no question that Petitioner is entitled to have this Motion to "Grant" the unsealing of all documents/evidence previously provided to the Court post-trial.

## SPECIFIC RELIEF SOUGHT

WHEREFORE, the Petitioner, C. Tate George, pro se, hereby respectfully requests this Honorable Court to Grant the unsealing of exculpatory and impeaching Government and Petitioner's evidence left out of trial proceedings at no fault of Petitioner at trial; filed under Document No. 210-7121 filed 2/16/16 by the Court - Case No. 12-CR-00204-01 (MLC) immediately and for such other and further relief deemed proper and necessary in the INTEREST OF JUSTICE.

Dated: Aug. 29th, 2018

Respectfully Submitted,

*C. Tate George, pro se*
LSCI Allenwood
PO Box 1000
White Deer, PA 17887

4

INMATE NAME/NUMBER: C. TATE GEORGE / 63223050
FEDERAL CORRECTIONAL COMPLEX-ALLENWOOD  LOW
P.O. BOX 1000
WHITE DEER, PA 17887

HARRISBURG PA 171

29 AUG 2018 PM 2 L

⇔63223-050⇔
Judge Anne Thompson
402 E State ST
Trenton, NJ 08608
United States

08608-150799

Legal Mail