IN THE UNITED STATES DISTRICT COURT
OF APPEALS FOR THE THIRD CIRCUIT

C. Tate George,
    (Petitioner)
    (Appellant)

v.

United States of America,
    (Respondent)
    (Appellee)

Civil Action No. 17-2641

Crim. Case No.: 3:12-CR-204-01 (AET)

"NOTICE OF PETITION FOR CERTIFICATION"

To: Clerk of Court
United States Court of Appeals
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

Clerk of Court
United States District Court
for the District of New Jersey
Clarkson S. Fisher Building
& U.S. Courthouse
402 East State Street
Trenton, NJ 08608

To: Zack Intrader, AUSA, Office of the U.S. Attorney, 970 Broad Street, Rm. 700, Newark, N.J. 07102.

TAKE NOTICE that C. Tate George, pro se, shall petition the Appellate Court for an Order certifying Petitioner's Motion for Leave to Appeal. Petitioner (has not included the $500 docketing filing fee) as he seeks to proceed under "Indigent Status", (See Petitioner's attached filing Motion to Proceed under "Indigent Status")

Dated: March 24 2019

C. Tate George, pro se

RECEIVED MAR 29 2019 AT 8:30 WILLIAM T. WALSH CLERK

IN THE UNITED STATES DISTRICT COURT
OF APPEALS FOR THE THIRD CIRCUIT

| | | |
|---|---|---|
| C. Tate George<br>(Petitioner)<br>(Appellant) | *<br>*<br>* | Civil Action No. 17-2641 |
| v. | *<br>* | Crim Case No.:3:12-CR-204-01 (AET) |
| United States of America<br>(Respondent)<br>(Appellee) | *<br>*<br>* | NOTICE OF MOTION TO PROCEED<br>UNDER "INDIGENT STATUS"<br><u>IN FORMA PAUPERIS</u> |

\*   \*   \*

PLEASE TAKE NOTICE that the undersigned hereby Moves before the Third Circuit District Court of Appeals for Leave to Proceed under indigent status. In support of this Motion, I shall rely on the attached Appendix and the following reasons listed below, such as:

1) Petitioner is currently (still) incarcerated and being housed at Allenwood Low LSCI (facility) in White Deer, Pennsylvania;

2) Petitioner claims hardship where he earns (.12 cents) a month and has multiple litigations ongoing and funds deposited by family members to support Plaintiff efforts to address pending litigations are ear-marked for legal materials, legal calls, legal mail, legal emails, stamps, envelopes, some food and alike;

3) Petitioner understands that there is a $500 docketing filing fee required when filing a Notice of Motion to proceed in forma pauperis;

4) Petitioner understands that there is a case opening information package that he does not have access to at the time of filing this Motion. However, Petitioner has proof that he has been granted indigent status in another case still pending that pertains to this case at bar. (See Attachment #1 and #2 - Superior Court of New Jersey Appellate Division and Supreme Court of New Jersey <u>Granting</u> indigent status)(Also, see Attachment #3 - six (6) month certified statement of Petitioner's Institutional Account).

5) Petitioner understands that if a Motion for Leave to Proceed in forma pauperis is not filed, the Petition will be dismissed without further notice.

1

ORDER ON MOTION
----------------

|  |  |
|---|---|
| C. TATE GEROGE AND THE GEORGE GROUP, LLC<br>V.<br>MICHAEL CHUDI EJEKAM | SUPERIOR COURT OF NEW JERSEY<br>APPELLATE DIVISION<br>DOCKET NO. A-001924-17T2<br>MOTION NO. M-005330-17<br>BEFORE     PART E<br>JUDGE(S): CARMEN MESSANO |

MOTION FILED:    12/21/2017         BY:  C. TATE GEORGE

ANSWER(S)
FILED:

SUBMITTED TO COURT: March 29, 2018

ORDER
-----

THIS MATTER HAVING BEEN DULY PRESENTED TO THE COURT, IT IS, ON THIS 2nd day of April, 2018, HEREBY ORDERED AS FOLLOWS:

MOTION BY    APPELLANT

MOTION TO PROCEED AS AN INDIGENT    GRANTED

SUPPLEMENTAL:

The motion for leave to proceed as indigent is granted subject to N.J.S.A. 30:4-16.3.  The calculation required by said statute shall be made by the Department of Corrections, which shall then, on notice to the appellant of the amount of the calculation, transfer the partial filing fee as calculated from the appellant's institutional account to the Clerk of the Superior Court.  The fulfillment of this condition shall not stay the processing, perfection or determination of this appeal.

FOR THE COURT:

_/s/ Carmen Messano_
CARMEN MESSANO, P.J.A.D.

L-008330-15   STATEWIDE
ORDER - REGULAR MOTION
JAG

Attachment #1

SUPREME COURT OF NEW JERSEY
M-714 September Term 2018
082494

C. Tate George and The
George Group, LLC,

    Plaintiffs-Movants,

v.

Michael Chudi Ejekam,

    Defendant.

FILED
FEB 22 2019
*Heather J Baker*
CLERK

ORDER

It is ORDERED that the motion for leave to file a notice of petition for certification as within time is granted.

WITNESS, the Honorable Stuart Rabner, Chief Justice, at Trenton, this 20th day of February, 2019.

*Heather J Baker*

CLERK OF THE SUPREME COURT

Attachment #2

## Inmate Inquiry

[ PRINT ]

| | | | |
|---|---|---|---|
| **Inmate Reg #:** | 63223050 | **Current Institution:** | Allenwood FCC |
| **Inmate Name:** | GEORGE, C TATE | **Housing Unit:** | ALF-B-B |
| **Report Date:** | 03/12/2019 | **Living Quarters:** | B08-581U |
| **Report Time:** | 12:14:32 PM | | |

General Information | Account Balances | Commissary History | Commissary Restrictions | Comments

### General Information

| | |
|---|---|
| Administrative Hold Indicator: | No |
| No Power of Attorney: | No |
| Never Waive NSF Fee: | No |
| Max Allowed Deduction %: | 100 |
| PIN: | 6826 |
| PAC #: | 610389411 |
| Revalidation Date: | 10th |
| FRP Participation Status: | Participating |
| Arrived From: | BRO |
| Transferred To: | |
| Account Creation Date: | 1/28/2016 |
| Local Account Activation Date: | 2/15/2018 3:34:46 AM |
| Sort Codes: | |
| Last Account Update: | 3/11/2019 11:13:34 AM |
| Account Status: | Active |
| Phone Balance: | $20.13 |

#### Pre-Release Plan Information

| | |
|---|---|
| Target Pre-Release Account Balance: | $0.00 |
| Pre-Release Deduction %: | 0% |
| Income Categories to Deduct From: | ☑ Payroll   ☑ Outside Source Funds |

#### FRP Plan Information

| FRP Plan Type | Expected Amount | Expected Rate |
|---|---|---|
| Quarterly | $25.00 | 0% |

### Account Balances

| | |
|---|---|
| Account Balance: | $30.33 |
| Pre-Release Balance: | $0.00 |
| Debt Encumbrance: | $0.00 |
| SPO Encumbrance: | $0.00 |
| Other Encumbrances: | $0.00 |

https://10.33.26.106/truweb/InmateInquiryCombined.aspx

Attachment #3

3/12/2019

Next, Petitioner also bases his collateral attack on the ineffective assistance of counsel of Trial Counsel David Schafer also during both pre-trial and at trial. Such claims were made and based on the two-pronged test promulgated by the Supreme Court in its 1984 decision in (Strickland v. Washington), 466 U.S. 688; showing that the Sixth Amendment was violated when defendant (1) showed that "counsel's performance was deficient," requiring that counsel's representation fell below an objective standard of reasonableness", (2) that the deficient performance prejudiced the defendant such that there is a reasonable probability that the outcome would have been different (Strickland) at 466 U.S. 678, 694.

## II. BRIEF HISTORY OF THE CASE

On July 24, 2017, the Court Ordered and Reassigned Petitioner's case (Case Number 3:17-CV-02641-AET) from Judge Mary L. Cooper to Judge Anne E. Thompson, due to affirmed illegal procedural violations by Judge Cooper. As of the date of this Motion to the Court, Petitioner's case had been delayed at least four (4) times for reasons that go against the Rule of Law, under Rule 1: Scope and Purpose where it states:

> The Rules govern the procedure in all civil actions proceedings in the United States District Court; except as stated in Rule 81. They should be constructed, administered and employed by the Court and the parties to "secure the just, speedy and inexpensive determination of every action and proceeding. (History:)(As amended April 29, 2015, eff Dec. 1, 2015).

This Motion has merit because of the incredible and unbelievable reasons given by the Government to the District Court, dating back to the following: On August 28, 2017 - Court set a scheduling date for 60 days for the Government to respond. The Government missed the deadline by almost 30 days, and the Court issued an Order to Show Cause, for why the Government missed the Court Ordered deadline.

On November 27, 2017, the Court vacates the Show Cause Order and re-Orders a January 21, 2018 Response deadline for the Government and that deadline date was missed once again by the Government, giving no legitimate reasons why this date was missed

On March 8, 2018 the court issued yet another Order allowing until April 30, 2018 and so further Ordered "that no further extensions of time will be permitted."

This order was not adhered to because on April 30, 2018, the Court signed

2

request to set aside or correct conviction and sentece. As well as; recent Supreme Court precedent case under (Rosales-Mireles v. U.S.), 138 S.Ct. 1897 (2018) where the Court stated that [a] plain guideline error that affects a defendant's substantial rights is precisely the type of error that ordinarily warrants relief under Rule 52(b)(...) because it usually establishes a reasonable probability that a defendant will serve a prison sentence that is more than necessary to fulfill the purposes of incarceration. (In addition; a recent ruling in support of Petitioner's request for liberty in the Third Circuit Remanded Case based on relevant conduct error as well as criminal history category error in (Harris v. U.S.), , No. 17-3341. (Harris, Roasales-Mireles, and Molina-Martinez), all are cases that are directly relevant to Government's relevant conduct false claims pertaining to loss calculation and supposed victim loss and hardship claims at sentencing for Petitioner yet; by way of (concession) by the Government in its Response Brief to not address one of Petitioner's initial collateral attacks. This oversight was not unintentional on behalf of the Government in its Response Brief, and by law under (Urbina v. Thoms.) that the Government waived any claims to relevant conduct or hardship haven't been correct at sentencing. (Urbina v. Thoms), 270 F.3d 292, (2001 CA6 KY).

Lastly, as now conceded to by the Government's (Answer Brief) total disregard to address Petitioner's correct monies owed of $529,000 (and not the over $2.5 million dollars the Court previously applied); Petitioner's level is (23) even if you leave a two (2) point enhancement for the outlandish idea of obstruction of Justice because, Petitioner failed to apologize for a crime that never happened; the most time the Court could levy is 57 months on the high end. Petitioner wants to bring to the Court's attention that as of September 30, 2018; Petitioner would be locked up illegally for 64 months and counting...which is a crime in itself.

The Court not addressing this issue alone is causing further hardship needlessly when not addressing Petitioner's Section 2255 Habeas Corpus in a timely manner. (Urbina v. Thoms), 270 F.3d 292 (2001, CA6 KY).

Wherefore, the Petitioner, C. Tate George, pro se, respectfully requests this Honorable Court to compel the district court to adjudicate the merits of his pending Section 2255 motion within seven (7) days of this Court's Order

-----

Footnote (1) Atkin's letter alone reduces Petitioner's Sentencing Guidelines by two (2) levels alone.

granting the writ of mandamus, and for such other and further relief deemed proper and necessary in the Interest of Justice.

Dated: March 24, 2019

Respectfully Submitted,

_____
C. Tate George, pro se
Fed. NO. 63223-050
LSCI Allenwood
PO Box 1000
White Deer, PA 17887

### AFFIDAVIT

I HEREBY CERTIFY that the foregoing facts are true and correct to the best of my knowledge and belief upon pain of perjury under 28 USC §1746.

_____
C. Tate George, pro se

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the following Motion /Petition for Supervisory Writ of mandamus filing was mailed on this 24 day of March, 2019, by first class mail, postage prepaid to : Zack Intrader, AUSA Office of the Attorney (U.S.), 970 Broad Street, Rm. 700, Newark, NJ 07102.

_____
C. Tate George, pro se

8

Honorable Mary L. Cooper
United States District Judge
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 7W
Trenton, NJ 08608

May 25, 2017

Re: USA v. C. TATE GEORGE 3:12-cr-204 (MLC)

Dear Judge Cooper:

In support of Mr. C. Tate George's 2255 application to the Federal District Court and Honorable Mary L. Cooper, please allow this letter to serve as written representation and proof that I was never contacted pre-trial, during trial, or post-trial in the above-mentioned case by defense attorney David Schafer, who represented Mr. George in this matter.

It has come to my attention that I was wrongly admitted as a loss victim at Mr. George's sentencing. Please allow this certified letter to serve as notice and proof to the court that Mr. George, nor The George Group, does not personally or otherwise owe me any monetary amount, specifically $364,000. Any and all investments were at risk investments, as I am a partner with Mr. George in several companies and ongoing real estate projects. I am aware of each real estate project and all civil litigations pending that have yet to be resolved.

May the court accept this sworn statement of mine as further acknowledgment that Mr. George and I are still working together and are in good standing as business partners. Lastly, I have not been defrauded of any of my investments.

I am prepared to testify to these facts in court to clear up this misunderstanding and/or misrepresentation to the court presented by the prosecutors at sentencing regarding my investment/involvement with Mr. George and our partnership.

If you need to contact me regarding this statement, you can do so on my cell phone at (407) 259-8982 or my email at atkins.chucky407@gmail.com.

Respectfully Yours,

*[signature]*

Kenneth Chucky Atkins

STATE OF Florida, COUNTY OF Orange, ss.:

On this day, personally appeared before me

Kenneth Lavon Atkins JR,

to me known to be the person(s) described in and who executed the within and foregoing instrument, and acknowledged that he/she signed the same as his/her voluntary act and deed, for

Honorable Mary L. Cooper
United States District Judge
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 7W
Trenton, NJ 08608

May 25, 2017

Re: USA v. C. TATE GEORGE 3:12-cr-204 (MLC)

Dear Judge Cooper:

In support of Mr. C. Tate George's 2255 application to the Federal District Court and Honorable Mary L. Cooper, please allow this letter to serve as written representation and proof that I was never contacted pre-trial, during trial, or post-trial in the above-mentioned case by defense attorney David Schafer, who represented Mr. George in this matter.

It has come to my attention that I was wrongly admitted as a loss victim at Mr. George's sentencing. Please allow this certified letter to serve as notice and proof to the court that Mr. George, nor The George Group, does not personally or otherwise owe me any monetary amount, specifically $364,000. Any and all investments were at risk investments, as I am a partner with Mr. George in several companies and ongoing real estate projects. I am aware of each real estate project and all civil litigations pending that have yet to be resolved.

May the court accept this sworn statement of mine as further acknowledgment that Mr. George and I are still working together and are in good standing as business partners. Lastly, I have not been defrauded of any of my investments.

I am prepared to testify to these facts in court to clear up this misunderstanding and/or misrepresentation to the court presented by the prosecutors at sentencing regarding my investment/involvement with Mr. George and our partnership.

If you need to contact me regarding this statement, you can do so on my cell phone at (407) 259-8982 or my email at atkins.chucky407@gmail.com.

Respectfully Yours,

*[signature]*

Kenneth Chucky Atkins


STATE OF Florida, COUNTY OF Orange, ss.:

On this day, personally appeared before me

Kenneth Lavon Atkins JR,

to me known to be the person(s) described in and who executed the within and foregoing instrument, and acknowledged that he/she signed the same as his/her voluntary act and deed, for

United States vs. Harris, No. 17-3341

Harris pled guilty to conspiracy to distribute heroin and possession of a firearm. The PSI came back claiming that he was responsible for "distributing 97.32 grams of heroin and 17.5 grams of cocaine base, producing a base offense level of 24." The court also found that Harris' criminal history placed him in criminal history category I. Harris objected to the 17.5 grams of cocaine base for purposes of relevant conduct at sentencing, but not the criminal history category.

The PSI further said that a person "purchased 0.5 grams of heroin from Harris on 100 occasions and 'observed Harris with an eight-ball (3.5 grams) of cocaine base on five or six occasions.'" The officer who testified said that the witnesses saw Mr. Harris with other controlled substances (such as cocaine) but he was not selling them.

The court found that the offense level was appropriate at 24 and the offense history was appropriate at V and sentenced Harris at 175 months.

In the Third Circuit, "While the Guidelines permit inclusion of additional [drug] transactions in determining [a defendant's] offense level, they require some meaningful relationship among them before discrete transactions in different drugs may be attributed to the 'same course of conduct' or a 'common scheme or plan.' United States v. Montoya, 952 F.2d 226, 229 (8th Cir. 1991)

With regard to the cocaine, the Third Circuit noted that Harris pleaded guilty to a conspiracy to distribute controlled substances, not possess. There was no direct evidence of Harris distributing cocaine base and that the amount that was observed was potentially as consistent with personal use as it was with the intent to distribute. The Third Circuit held that the District Court "clearly erred in finding that Detective Butt's credible testimony that Ms. True reported observing Harris with a small quantity of cocaine base on a few occasions was sufficient to prove by a preponderance of the evidence a 'meaningful relationship' between those occasions and Harris's many heroin distribution transactions that were properly aggregated in determining the base offense level for his conspiracy offense."

The court then took up the punishment issue. Harris was assigned 10 criminal history points for five of his prior convictions. "One point was assigned for a drug offense Harris committed in Illinois in 2007, when he was 17 -5- years old. Harris contends on appeal that it was error to assign one point under U.S.S.G. 4A1.1(c) for a juvenile sentence that was imposed more than five years before the commencement of the instant offense" This was subject to plain error because he did not object to this in the district court. The government alleged that Harris was "unable to prove the error affected his substantial rights."

The court considered Molina-Martinez v. United States, 136 S. Ct. 1338, 1343 (2016), where the Court recognized that "[w]hen a defendant is sentenced under an incorrect Guidelines range -- whether or not the defendant's ultimate sentence falls within the correct range -- the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error."

Further, in Rosales-Mireles v. United States, 138 S. Ct. 1897 (2018), the Supreme Court stated that '[a] plain Guidelines error that affects a defendant's substantial rights is precisely the type of error that ordinarily warrants relief under Rule 52(b)[...] because it 'usually establishes a reasonable probability that a defendant will serve a prison sentence that is more than 'necessary' to fulfill the purposes of incarceration.'"

The government argued that there was "no reasonable probability that Harris would have received a lower sentence had his criminal history been properly calculated because the district court sentenced Harris to the top of the higher range, commenting that Harris's criminal history category substantially underrepresented the seriousness of his prior convictions." However, the court did not state that it would have, in the alternative, imposed the same sentence even if a lower guideline range applied. The Third Circuit stated that they "read Molina-Martinez and Rosales-Mireles as strongly cautioning courts of appeals not to make such assumptions when 'the record is silent as to what the district court might have done had it considered the correct Guidelines range.'" Molina-Martinez, 136 S. Ct. at 1347. The court determined that the criminal history category issue should be addressed on remand as well.

The Third Circuit Vacated the sentence and Remanded the case back to the District Court. No. 17-3341

Attachment #2

N. Steinen
24-14 29
Astoria NY 11102

Clerk of Court
U.S. District Court of N.J.
Clarkson S. Fisher Building
402 East State Street
Trenton, NJ 08608

7018 3090 0002 3166 8255

CERTIFIED MAIL



U.S. POSTAGE PAID
FCM LG ENV
ASTORIA, NY
11105
MAR 26, 19
AMOUNT
$7.90
R2303S101295-15