IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

C. TATE GEORGE,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

HONORABLE ANNE E. THOMPSON

Civil Action
No. 19-9246 (AET)

**OPINION**

**THOMPSON, District Judge:**

1.      On December 21, 2018, Petitioner C. George Tate filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania. *George v. United States of America*, No. 18-cv-2412 (M.D. Pa. Dec. 21, 2018). (ECF No. 1).

2.      The petition challenged his judgment of conviction issued in the District of New Jersey, *United States of America v. George*, No. 12-cr-204 (D.N.J. Jan. 21, 2016). He argued the methodology used at sentencing caused him to be sentenced outside of the correct guidelines; the Government's post-trial admissions "created an illegal enhancement by the Court at sentencing"; "no fact finding required by the Government for sentencing that led to multiple errors leaving Petitioner to be illegally sentenced above the appropriate Guideline-Range"; and the "Court committed harmful error(s) by miscalculating Petitioner's Sentencing Guideline Range." (ECF No. 1 at 7-8).

3.      On April 2, 2019, the district court adopted the report and recommendation of the magistrate judge over Petitioner's objections and transferred the petition to this Court for consideration. (ECF No. 7).

4.      Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). "[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Snyder v. Dix*, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)); *see also In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997).

5.      Petitioner's motion to correct, vacate, or set aside his federal sentence under 28 U.S.C. § 2255 is presently pending before the Court. *George v. United States*, No. 17-cv-2641 (D.N.J. filed April 18, 2017). As noted by the Middle District of Pennsylvania district court, the claims raised in the § 2241 petition are more appropriately considered under § 2255.[1]

6.      The Court will instruct the Clerk's Office to file the petition (ECF No. 1) in 17-cv-2641 as a motion to amend the current § 2255 motion. The United States will be instructed to respond to the motion. This action will be closed.

7.      An accompanying Order will be entered.

4/8/19
Date

ANNE E. THOMPSON
U.S. District Judge

---

[1] The Court makes no determination at this time whether Petitioner's claims are timely filed.

2