IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

C. TATE GEORGE,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

HONORABLE ANNE E. THOMPSON

Civil Action
No. 17-2641 (AET)

OPINION

**THOMPSON, District Judge:**

1. Petitioner C. George Tate has filed a motion under rule 150.20 (ECF No. 43) and a motion to immediately unseal Petitioner's post-trial evidence, (ECF No. 45).

2. Petitioner was convicted of four counts of wire fraud, 18 U.S.C. §§ 1343 & 2, after a jury trial before the Honorable Mary L. Cooper, U.S.D.J. *United States v. George*, No. 12-cr-0204 (D.N.J. Jan. 21, 2016). The United States Court of Appeals for the Third Circuit affirmed the convictions and 108-month sentence in April 2017. *United States v. George*, 684 F. App'x 223 (3d Cir. 2017).

3. Petitioner filed his motion to correct, vacate, or set aside his federal sentence under 28 U.S.C. § 2255 on April 18, 2017. (ECF No. 1). Since that time, Petitioner has filed various documents and motions including the two presently before the Court.

4. Petitioner's motion under Rule 150.20 argues the Court should immediately rule in his favor because at the time he filed the motion, the United States had not yet answered the § 2255 petition. (ECF No. 43). The United States has now answered the petition. (ECF No. 44). This motion is now moot.

5. Petitioner has also asked this Court to unseal certain documents filed in his criminal case that were submitted as part of his sentencing memorandum. (ECF No. 45).

6. On November 2, 2015, Judge Cooper conducted oral argument on Petitioner's motion for acquittal or for a new trial. (*George*, No. 12-204, ECF No. 181). Petitioner was present in court and submitted the documents in question at that time. (Transcript of Hearing, *George*, No. 12-204, ECF No. 189 at 123).

7. Judge Cooper ordered that the sentencing materials be placed on the docket under seal because there was "a lot of personal identification material in these files . . . and if anybody wants to get them open then a redaction process will have to be undertaken by somebody." (*Id.* at 123:23 to 124:2).

8. Judge Cooper then issued an order directing the documents to be maintained under seal until further order of the Court. (*George*, No. 12-204, ECF No. 182).

9. The Court "acknowledge[s] the existence of a pervasive common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 161 (3d Cir. 1993) (quoting *United States v. Criden*, 648 F.2d 814, 819 (3d Cir. 1981)). In determining whether good cause exists to justify sealing any judicial records, courts are to engage in a balancing process involving consideration of multiple factors. One of the primary factors is a party's interest in privacy, and in appropriate cases it is proper "for courts to order confidentiality to prevent the infliction of unnecessary or serious pain on parties who the court reasonably finds are entitled to such protection." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994).

10. Petitioner was present in court on November 2, 2015 and agreed to the sealing of the materials after assurances from Judge Cooper that he would still be able to use them as part of his direct appeal. (Transcript of Hearing, *George*, No. 12-204, ECF No. 189 at 124:3-11).

11. In addition, Judge Cooper indicated the documents could be opened if someone went through the exhibits and redacted the sensitive information, which includes bank account and routing numbers, social security numbers, etc. Petitioner has not indicated that he has redacted the sensitive information in the filings per Judge Cooper's November 2, 2015 instructions. Because the privacy interests of those individuals named in the materials could be adversely affected if their personal and financial information became publicly accessible, the Court will deny Petitioner's motion without prejudice.

12. An accompanying Order will be entered.

4/9/19
Date

ANNE E. THOMPSON
U.S. District Judge