IN THE UNITED STATES DISTRICT COURT
FOR THE THIRD CIRCUIT

United States of America
 Respondent

        &ast;

v.

C. Tate George,
 Petitioner

        &ast; Civil Action No. 17-2641

        &ast; Criminal Case No. 3:12-CR-204-01 (AET)

        &ast;

        &ast;

        &ast;

PETITIONER'S MOTION SEEKING COURT'S PERMISSION
TO REPLY TO THE GOVERNMENT'S ANSWER
(BY WAY OF COURT ORDER)
UNDER RULE 5  "THE ANSWER
AND THE REPLY"  (A)(E).

NOW before the Court, Petitioner C. Tate George's pro se Motion to Compel the Court to <u>Grant</u> Petitioner's request to Reply to the Governmant's "Answer" Order by the Court on April 5th, 2019 that states the following:

"ORDERED that the United States shall respond to the Motion to
Amend within 30 days of this Order."

Under Rule 5, the Answer and the Reply, the Rules state in; (A) when required: The Respondent is not required to answer the Petition unless a judge so orders; and in (E) Reply: The Petitioner may submit a Reply to the Respondent's Answer or other pleading within a time fixed by the Judge. (This Motion is timely filed).

Petitioner makes such a request in his pending §2255 petition before the Court; due to the fact and with concerns presented by the Judge's (Kane's) recommendation or Report transferred to this Court in which this Court has <u>ORDERED</u> the Government to address in their Answer that is due by May 5th, 2019.

1

Furthering, the Court's order directing the Government to answer such a Ruling by the 2241 Judge (Kane) would <u>not be</u> consistent with the actual material facts of the case still in dispute before the Court and would harmfully prejudice Petitioner's claim for Relief, if Petitioner is unable to Reply to the Government's Answer and to findings in the 2241 Judge's Recommendations or Report; that are falsely contrived and are not merely slight mischaracterizations, such as;

1) The Appellate Court found that Petitioner's 2255 petition repeats previous arguments from the direct appeal... (<u>this is false</u>);

2) The Petitioner's loss calculations and illegal enhancements were based on the District Court's thoroughly reviewed facts of record totalling $2,550,507.28 and the Court's detailed finding and that "George" sole basis for objecting to the loss amount is his unreliable sentencing (forensic) report;

3) The Sentencing Judge used available evidence afforded to them at the time of sentencing (and alike);

The Government avoidance on the issues of loss amount and illegal enhancement under "relative conduct" was not an oversight by them. This notion and narrative was hotly debated regarding relative conduct, prior to sentencing and was ommitted by the Government's first answer because the Forensic Report <u>only</u> dealt with so-called victims at trial. Period! The trial loss calculation was exactly $510,000, per the indictment. So Judge Kane's findings are completely without merit and blatantly false. Petitioner provided under Rule 33 (new evidence) more than <u>six thousand</u> (6,000) documents that addressed both supposed loss victims at trial and absent of trial. In addition to overwhelming, (and pain stakingly) clearly laying out that there was "No" (zero) relative conduct, while presenting a preponderance of evidence; vital documentation left out of trial due to Ineffective Assistance of Counsel due to sheer negligence that led to a conviction by ommission allowed by defense counsel Schafer. (Note: The 6,000 plus documents are currently still under seal due to sensitive information not dedacted at the time of presentation.)

Petitioner wholeheartedly believes that Judge Kane's Report is fatally flawed from beginning to end, and in such findings as;

A) Petitioner's 2255 Motion had been rejected and closed out;

B) Petitioner was now Judge-shopping on relitigated claims;

C) Petitioner was using the 2241 Motion to address Petitioner's conviction and not claims for Relief on the narrow instances under the law that the Government had waived its claims to Relative Conduct and enhancements, because of a material fact that the Government purposely did not follow the Court's Order that stated:

> "Government must respond to the allegations of the amended motion(s) by each paragraph and subparagraph within this Order within (60) sixty days."

Petitioner expects that the Government will continue down the same path of false claims presented in Judge Kane's Recommendation or Report. This is the critical reason Petitioner seeks permission by way of Rule 5, to Reply to the Government Court Ordered Answer to come and to clarify all pending disputable outstanding matters still pending with this Court; that the Government will now attempt to explain how they came up with their interpretation that they were not required to provide accurate information to sentence Petitioner by at the time of sentencing.

WHEREFORE, the Petitioner, C.Tate George, pro se, hereby respectfully requests this Honorable Court to enter a Ruling in this instant matter and Grant Petitioner permission to Reply to the Government's (Court Order) Answer due by May 5, 2019, so Petitioner can address any and all claims adopted by the Government by way of Judge Kane's incorrect and inexcusable Recommendation or Report. Petitioner seeks thirty (30) days to reply to the Government's Answer: and for such other and further relief deemed proper and necessary in the interest of Justice.

Dated:  April  11th , 2019

Respectfully Submitted,

C. Tate George, pro se
Fed. No. 63223-050
LSCI Allenwood
PO Box 1000
White Deer, PA 17887

3

<u>AFFIDAVIT</u>

I HEREBY CERTIFY that the foregoing facts are true and correct to the best of my knowledge and belief upon pain of perjury under 28 USC §1746.

C. Tate George, pro se

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the following Motion Seeking Permission to Reply to the Government's Answer was mailed on this _____ day of April, 2019, by First-Class Mail, postage prepaid to: Zack Intrader, AUSA Office of the US Attorney, 970 Broad Street, Rm 700, Newark NJ 07102.

C. Tate George, pro se

4

INMATE NAME/NUMBER: *Tate, George* / 03-223050

FEDERAL CORRECTIONAL COMPLEX-ALLENWOOD *Low*

P.O. BOX *1000*

WHITE DEER, PA 17887

HARRISBURG PA 171

15 APR 2019 PM 2 L

⇔63223-050⇔
Judge Anne Thompson
402 E State ST
Trenton, NJ 08608
United States

ATTN: Clerk of the Court

08608-150799

Legal
Mail