IN THE UNITED STATES DISTRICT COURT
FOR THE THIRD CIRCUIT

United States of America : 

: Civil Action No. 17-2641

v. :

: Criminal Case No. 3:12-CR-204-01 (MLC)

C. Tate George, :
        (Petitioner)
:

PETITIONER'S MOTION TO EXPEDITE
PETITIONER'S CLAIMS (GROUNDS)
OF 2255 HABEAS CORPUS FILING
AND 2241 AMENDED MOTION
FILING TRANSFER TO THE COURT
UNDER RULE 4.1 MOTIONS TO EXPEDITE

NOW before the Court, Petitioner C. Tate George's pro se Motion to Compel the Court to Expedite a Ruling on his case for relief requested in his pending §2255 petition as well as; recent 2241 filing that was transfer by the sister Third Circuit Court, concerning that this Court issued a Show Cause Order on April 5th, 2019 that states the following:

> "Ordered that the United States should respond to the Motion to (Amended) within 30 days of this Order."

The Government, as of this Motion has once again refused to comply with the Court Order (this being at least the forth court order purposely missed). The Government's lack of follow-through and total disregard for the Rules of the Fed.R. of Proc. and in violation under Rule 5. Such violation is causing the Court to violate Petitioner's Procedural and Constitutional Rights and under Rule of Law, Rule 1: Scope and Purpose, it states:

The Rules govern the Procedure in all civil actions and proceedings in the United States District Court, except as stated in Rule 81. They should be constructed, administered and employed by the Court and the parties to "secure the just, speedy and inexpensive determination of every action and proceeding." (History:)(Amended April 29, 2015)(eff. Dec 1, 2015).

Under Rule 4.1 Motions to expedite the Rule states:

A party who seeks to expedite a case must file a motion within 14 days after the opening of the case or issue now pending (occurrence) that the exceptional

reason that warrants expedition. Additionally, a Response to the Motion, if any, must be filed by the Government (in this case) within 7 days after service of the Motion docketed. And any reply within 3 days after service of the Response unless otherwise directed by the Court or Clerk in the manner provided by L.A.R. 27.7.

It is without question the Court issued a Show Cause Order on April 5, 2019, as per Rule 5(A), Answer and Reply, where the Rule states, "The Respondent is not required to answer the petition UNLESS a Judge so orders. The Order gives the Government until May 6th, 2019 at the latest to Answer the Order, in which the Government failed to do yet again.

Petitioner seeks relief (of Immediate Release from incarceration) and cites case law under (Urbina v. Thomas), 270 F.3d 292 (2001, CA6 KY), where the Court found that, when the Government had not fully addressed (or raised claims of refute), then the Government waives (waived) to the extent Petitioner challenges fact(s) (all or in part) concerning the duration of his confinement. The Government's avoidance is not unintentional when determining not to address false claims proffered at sentencing of Petitioner's loss calculation and hardship victims never proven, nor followed under Rule §3664 (18 USC) where the Rule states:

Pursuant to 18 USC §3664, the probation officer shall conduct an investigation into loss for restitution purposes. In addition, the Probation Officer (not the Government) shall prepare a complete accounting of each of the victims losses to assist in the preparation of the accounting, the Probation Officer is required to provide notice to each of the victims and afford them an opportunity to submit affidavits detailing their losses. 18 USC §3664(d)(2), and subparagraph (IV). This sadly did not occur.

In fact, the Government states as a fact and rule that Petitioner did not need to be sentenced on accurate information. These claims are not supported by case law:

> (U.S. v. Katora), 981 F.2d (Dec. 7, 1992) 1398, 1992 US Appx. LEXIS 32052 (3rd Cir), found that Petitioner's rights are seriously violated concerning due process right under the Fifth Amendment Fair Trial Right and Sixth Amendment Right to be Sentenced on Accurate Information. Furthering, in (U.S. v. Antonucci), 667 Fed.Appx. 121, 2016 US App. LEXIS 11396. District Court determined that it is plain error when the Government adopted a methodology that is statistical extrapolation for how it reached its figure of loss calculation and substantive illegal enhancements.

2

Lastly, multiple courts have concluded with the following findings:

The Circuit Court erred by including the wrong loss amount causing a loss calculation which imposed a sentence that was prejudicial. The error was not harmless and on Remand, the Government was restricted in its ability to present new evidence of loss. U.S. v. Brown, (2nd Cir.) 709 Fed. Appx. 103, 2018 US App. LEXIS 1943, Jan. 26, 2018, and U.S. v. Schaefer, 291 F.3d 932, 2002 US Appx. LEXIS 9975 (May 28, 2002)(7th Cir.)

Beyond charts created for trial (also used for sentencing) by the Government and harmful agents inadmissible hearsay testimony, that the Government admitted that the charts were not fully correct and there were no certified bank records used for either trial or post-trial proceedings, (in addition to one (1) victim's false claim of loss for $90,000.00) the Government provides no further support for the claim of loss at sentencing. This scant documentation and illegal hearsay testimony provides no support for a conclusion that Petitioner was entitled to an illegal 9 year prison term. The Government plainly failed to show that Petitioner's conviction was warranted of such a loss amount of $2.5 million and the documentation before the District Court was insufficient and should be remanded back for re-sentencing. (See U.S. v. Gammage, 580 F.3d 777, 779 (8th Cir. 2009).

Wherefore, the Petitioner, C. Tate George, pro se, hereby respectfully requests that this Honorable Court to enter a Ruling in this Instant Matter and to GRANT (both) Petitioner's 2255 Habeas Corpus filing to overturn Petitioner's conviction; and also Petitioner's 2241 (Transfer Modified Motion) of material facts pertaining to illegal (unproven) sentencing enhancements now no longer in dispute by way of waiver by the Government's refusal to address the Court's most recent Show Cause Order dated April 5th, 2019, and ORDER AN IMMEDIATE RELEASE from custody. Even at the appropriate level of Guideline Level 23 (the Range would be) of 47 - 57 months; Petitioner, at the time of filing this motion before the Court is now outliving his correct (what should have been) incarceration of 60 plus months and counting; and for such other and further relief deemed proper and necessary in the interest of Justice.

Dated: May 8th, 2019

Respectfully Submitted,
C. Tate George, pro se
Fed No. 63223-050
LSCI Allenwood
PO Box 1000
White Deer, PA 17887

3

## AFFIDAVIT

I HEREBY CERTIFY that the foregoing facts are true and correct to the best of my knowledge and belief upon pain of perjury under 28 USC §1746.

*C. Tate George, pro se*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the following motion to Expedite Petitioner's Claims (Grounds) of 2255 Habeas Corpus Filing and 2241 Amended Motion was mailed on this ___8th___ day of ___May___, 2019, by first class mail, postage prepaid to: Zack Intrader, AUSA, Office of the US Attorney, 970 Broad Street, Rm 700, Newark, NJ 07102.

*C. Tate George, pro se*

INMATE NAME/NUMBER: C. McGeorges / 63223-050 (Low)
FEDERAL CORRECTIONAL COMPLEX-ALLENWOOD
P.O. BOX 1000
WHITE DEER, PA 17887

63223-050
Judge Anne Thompson
402 E State ST
Trenton, NJ 08608
United States

Attn: Clerk of the Court