IN THE UNITED STATES DISTRICT COURT
FOR THE THIRD CIRCUIT

United States of America
    (Respondent)

v.

C. Tate George,
    (Petitioner)

Civil Action No. 17-2641

Criminal Case No. 3:12-CR-204-01 (AET)



MAY 2 2 2019

Chambers of
Anne E. Thompson, U.S.D.J.

PETITIONER'S MOTION PURSUANT TO RULE 5(E)
AND REPLY TO THE GOVERNMENT'S "ANSWER"
FOR RESPONSE TO MOTION TO AMEND
PETITIONER'S VACATE, SET ASIDE OR CORRECT SENTENCE
PURSUANT TO 28 U.S.C. §2255

NOW before the Court, Petitioner C. Tate George's, pro se, Reply Motion
seeking the Court to <u>Grant</u> Petitioner's previous April 11th, 2019 "Motion
Seeking Court's Permission to Reply to the Government's Answer (By way of
Court Order) also under Rule 5 "the Answer and the Reply" (A)(E); as well
as, <u>Grant</u> this motion to the Court's Show Cause Order dated April 5th, 2019
where the Order states clearly the following:

>The Court "ORDERED that the United States shall respond to
>the Motion to Amend within 30 days of this ORDER."

Under Fed.R. and Procd.Rule 5, all parties are to adhere strictly to
the rules of the Court's Show Cause orders. Any attempts to file past court-
given deadlines (unless the Court allows additional time) the party (in this
case) should not be heard and thus waives any rights to unaddressed disputed
claims; thus conceding to claims made by the other party.

Based on such a timeline, the Government had only until May 6th, 2019
to Respond (and by Fed.R. and Procd) however, Government responded some ten
(10) days after the deadline finally now officially declining to file and
follow the Court's specific order; thus waiving any and all further claims
pertaining to Petitioner's new claims already within his Habeas Corpus 2255
filing. Although the Court identified its 2241 Motion as amended; the Government
is correct that Petitioner's 2241 claims were cited already in Petitioner's
2255 filing. The Government states it will, "rely on its initial Response
to Petitioner's petition." Yet, still, in its Notice Response to the Court,
giving Notice to Reply on its previous initial Response; the Government actually
does give reasons. As for such should be construed as their Answer. Petitioner

1

believes the Court should not bother to spend more time "forcing" the Government
to continue wasting the Court's time and allowing them more delays and additional
time; when it is clear that the Government fully intends on using stall tactics
and furthering frivilous misstatements and blatant mischaracterizations claims
to avoid addressing new claims already brought forward in Petitioner's 2255
filing. The Government should not be given any more time to come to the same
conclusion as their May 16th, 2019 Notice which was filed again after the
Court Ordered deadline. Period!

However, if the Court decides to allow the Court's Notice informing the
Court that they do not intend to fully answer the Court's April 15th, 2019
Show Cause Order, and the Court accepts the Government's notice dated May
16th, 2019; then Petitioner must be given the same courtesy to Reply to the
Government's Notice and Reasoning given in their Notice to Complete the Rule
5 Answer and Reply process as well as, so that the record correctly and completely
is reflected for future appellate collateral processes; if it is so warranted.

It is because the Government purposefully will not address the relative
conduct and hardship victim loss claim (new) cited in Petitioner's 2255 filing,
Petitioner moved to have the Third Circuit sister court by way of a 2241 filing
as a matter of law, citing correctly that the Government has conceded and
waived any and all claims regarding this matter. It is now clear by the Government's
own words in its May 16th, 2019 Notice to this Court; that even after almost
two (2) years; they will not address Petitioner's legal and procedural claims
pertaining to an illegal enhanced sentence on matters that were brought forth
post trial (outside of the jury's verdict). Such avoidance by the Fed.R. of
Proced and as a matter of law is a concession and a waiver to further dispute
this material fact. The Government cites a repeated false narrative that the
Forensic (Court ordered) Business Report addresses all loss claims, thus the
Court should not bother to hear this relitigated claim. Regrettably, that
false claim is nothing but a smoke screen, when the record leaves without
question; the Forensic Business Report already cited in Petitioner's Direct
Appeal, DOES NOT address anything related to relative conduct loss, nor victim
hardship loss claims. The Government is intentionally and knowingly asking
this Court to not follow Fed.R. and Procd, along with denying Petitioner's
rights to be lawfully heard because, he is simply not entitled to be heard
after seven years in the making.

2

The Government in its Notice only cites their opinion drafted as reasons without following the Court's Show Cause Order, and not citing correct material facts; nor case law on why Petitioner should not be allowed his Constitutional and legal rights to be correctly argued before this Court. Then in a back-handed (we really cannot be bothered with this anymore) hailmary kind of statement, suggests if the Court wanted (or forces us to) then give us more time (more delays) and we will come up with something. Again, the Government seems to think (and by way of its May 16th, 2019 Notice declining to follow the Court's Show Cause Order) that they do not have to listen nor comply to anything the Court has to say. This attempt or lack thereof, if allowed and further tolerated, then Petitioner's Motion (this Motion) and Reply to the Government's Answer is vitally needed to address false claims repeated by the Government in its short three paragraph waiver Notice to the Court; and to correct such false statements specifically, and states the following:

1) The Government claims Petitioner has filed yet another Motion in yet another forum....attempt to vacate his conviction for wire fraud. This time, the Motion has been constructed as a Motion to Amend... (See the Government's Notice)

## Petitioner's Answer

The Government's claim here is completely incorrect and does not reflect the record at all. Petitioner did not file an Amendment to his 2255; well in fact, it was the Court that titled the transfer of Petitioner's 2241 filing that had merit due to Petitioner's 2255 filing still pending, which the Government chose to ignore one of the main New Grounds of loss allowed to to ineffective assistance of counsel pre-trial, at trial and post-trial (in part regarding post trial). (See Dkt. No. 52). The Government again has chosen to deflect the Court's Show Cause Order to address Petitioner's claims within Petitioner's original 2255 filing; thus once again waving their rights to dispute any and all new claims and grounds as a part of Petitioner's 2255 filing. Again, the Government cites nothing on the record to support such a claim and falsely contrived opinion.

2) The Government then states, "In his initial Petition, Petitioner simply repackaged the original claims made on direct appeal into ineffective assistance claims, which were already litigated (and rejected) by the Court of Appeals."

3

Petitioner's Answer

The Government's claim is absolutely false and the record proves the
following:

A) Petitioner's Direct Appeal Claims and Grounds were very specific such as:

Ground 1:   Methodology on hearsay testimony and admitted charts and graphs
            at both trial and sentencing (that went unrefuted in the Government's
            Answer on Appeal). Furthering; Petitioner argued that the charts
            did not show or prove in the Government's charts and graphs admitted
            into evidence proved Petitioner's alleged fraud and misrepresentation.
            Period!

B) Petitioner's Direct Appeal Claims and Grounds were very specific such as:

Ground 2:   Brady Violation committed by the Government, providing Petitoiner's
            email on blocked disc; along with not providing vital financial
            data from Charles "Chip" Houlihan, who handled 95% of all of Petitioner's
            business operations on a daily basis. Note: Nowhere does it mention
            lack of preparation of trial counsel under ineffectiveness.

C) Petitioner's Direct Appeal Claims and Grounds were ver specific such as:

Ground 3:   District Court's abuse of discretion in sealing Forensic Report
            and "plain error" at sentencing by not using the Report for loss
            for trial victims only the amount of $510,000 per the indictment.

            Petitioner further claims that it was the lack of not using the
            Forensic Report that caused an increase and an illegal sentencing
            outside the correct guidelines, because monies are still owed and
            not lost. Petitioner states as an undisputed fact, that there were
            "no - zero" claims on direct appeal that dealt with relative conduct,
            victim hardship and alike; that also caused an enhanced illegal
            sentence to the tune of more than an additional $2 million dollars!

    Next, although  the Government would like conveniently to assert that
Petitioner is now pushing previous claims into an ineffective assistance of
counsel claim ; that cannot be supported by either the record, nor by the
law. Petitioner understands by the standard of the (Fed.R. and Procd) that
ineffectiveness claims are rarely suitable for resolution on direct appeal,
because, unless the issue was raised and adjudicated first in the district
court in line with a 28 U.S.C. §2255 Habeas Corpus, there is rarely an adequate

4

record allowing informed appellate consideration. See (<u>U.S. v. Khedr</u>), 343
F.3d 96-99-100 (2d Cir. 2003).

Petitioner never (not once) makes claims (old) in previous direct appeal
filings addressing claims of ineffectiveness against trial counsel. Petitioner
as a matter of law, has the right to argue claims for ineffective assistance
of counsel on <u>New Grounds</u> as he has done so. In addition; if Petitioner's
happens to mistakenly filed an ineffectiveness claim against counsel or happened
to state a claim previously listed yet unheard or properly addressed during
the direct appeal filing, courts have routinely declined to address such claims
at that direct appeal stage of the appellate process, and allows Petitioners
to pursue such claims that went unaddressed by the Court and/or the Government;
as well as new grounds not previously heard during Petitioner's Habeas Corpus
Collateral Review. Again, the Government gives an opinion of reason and cites
nothing from the actual record that supports such a false claim why relative
conduct and alike cannot be heard by the courts.

3) Next; simply stated, and the record will show without a doubt that
   Petitioner <u>has not</u> relitigated old claims, nor repackaged such claims
   into a new forum as the Government continues to state to this Court
   to avoid material facts concerning the "Guideline calculation error
   and a complaint about the Pre Sentence Report stated on direct appeal
   and in his original 2255 petition, regarding the fulsomeness of his
   attorney's preparation and so-called "Forensic Business Report."

<u>Petitioner's Answer:</u>

As previously stated; the Government is correct that Petitioner's claims
are correctly laid out in his original 2255 petition. The issue is not that
Petitioner already claims error of the Guideline-calculation; the issue remains
sadly unaddressed by the Government and as such by the Rules of Fed.Procd,
Petitioner rightly argues both in his 2255 and 2241 (now transferred by Judge
Kane) with merit that this Court Ordered the Government to finally address;
yet once again the Government declined and thus officially waives any further
rights by Federal Rules to dispute, and thus by law concedes. Period!

Furthering, the Government misstates a major point to Petitioner's claims
for error of the Guideline-calculation and thus is why they have avoided addressing
it at all cost. Such new claims by Petitioner that the Government looks to

avoid, yet the record is clear pertaining to the "Forensic Business Report"
and why the Court ordered the Report in the first place such as:

- After 3 failed P.S.R's provided by Probation; Petitioner was successfully
able to provide proof that he did not owe monies to individuals the
Government had provided to the Probation Office as so-called loss victims.
The Court reversed its previous decision to allow and utilize certified
investor's letters to correctly address loss post-trial; then seal
6,000 plus documents while agreeing to let Petitioner use those documents
during the Appeals process. This Court recently ruled this to be the case, also.

- The Court specifically Ordered the Forensic Report for <u>trial</u> (so-called)
<u>victims</u>; and absolutely nothing to do with relative conduct loss victims and/or
hardship victims claims - whatsoever (which there are none and Probation
provided no Affidavits claiming such). The Trial loss and  conviction
was a total of ($510,000). Petitioner has correctly stated in his 2255
Petition that the actual amount still outstanding and <u>not loss</u> is exactly
($519,000) and not the ridiculous more than $2.5 million dollars Petitioner
was sentenced to and given restitution for.

Incredibly, the Government does not defend that true fact that the Probation
office never followed the sentencing Rule pursuant to 18 U.S.C. §3664, where
the Rule of Law clearly states:

The Probation Officer (office) is required to provide notice to each
of the victims (post-trial) and afford them the opportunity to submit
affidavits detailing their losses and hardship claims. See (18 U.S.C
§3664(d)(2) and sub paragraph (IV). (<u>U.S. v. Gammage</u>), 580 F.3d 777,
779 (8th Cir. 2009) where the Court found that scant documentation (such
as charts and hearsay testimony) provides no support for a conclusion
a defendant is entitled to a higher enhanced sentence. And such documentation
without required process of the Fed.R. of Proc. pursuant to 18 U.S.C
§3664, the Court should find such actions as insufficient and unreliable
and shall be remanded back for re-sentencing.

The record will clearly show that the Government stated at the time of
sentencing that "the Government <u>did not</u> have to provide accurate information
to sentence this defendant - only the charts and an agent is needed." This
was a lie and does not line up with the Law or the Rule of Fed.Procd.

4) Lastly, unbelievably, the Government states a bold face lie, when it states..."Petitioner is not actually making any new claims, so the Government will respectfully rely on its initial Response....(See Government Notice).

Petitioner's Answer:

As mentioned earlier in this Response Motion, the Government seems to flat out repeatedly defy the Court's Order. On top of now missing five (5) Court Show Cause Orders and disrespecting the Court and the Rules of the Court put in place to attempt fairness to the process, the Government in its claims continually thumbs its nose at the Court and decides that they can do as they very well please; and then condescendingly states; "If the Court wishes for additional briefing by the Government, the Government will of course be happy to provide it."

This comment is what is so frustrating to those in the Petitioner's situation, fighting to bring the truth forward; when the Government blatantly receives a Court Order over and over; then refuses to follow the Court's direction as well as, the Fed R. and Procd. of the Court; and once again responds ten (10) days past the due date to respond like it's no big deal. Not only is this not fair based on the Rules of the Court; it is devastatingly insulting to the Court and the Rules of the Court. Nevermind that if any Petitioner would dare try such a thing; he (or she) would be barred from being heard immediately upon missing just one deadline, notwithstanding five missed deadlines.

If insult to injury could not get worse, the Government levies yet one more dagger when it states, "At long last, the Court system should be finished with this matter more than seven years in the making and this Court should deny Petitioner's 2255 motion without hearing."(Again citing not one case law or Fed.R. of Procd to come to such a determination).

(Translation:) (After re-reading multiple times, this Notice to the Court; you don't have to go too far to read between the lines to come to what the Government is really wanting to say, which is this:)

"The Court System (despite Petitioner being a citizen of this country) should be finished with [this black man, or "the N-word"] already, and with this matter because, even if his claims are correct and have merit, it has been more than seven years in the making and he has no rights to be heard,

no matter if we decide to dispute his claims or not -- even if they have merit, so what."

Petitioner prays this Court does the right thing here and please stop delaying your ruling to protect the injustice put forth by the Government over these past two years in particular. Petitioner honestly would rather be denied quickly with respect, than to be dragged along any further in shame by how the Government has treated this Honorable Court and the Rules of Federal Procd. This is supposed to be a Rule (1) Purpose and Scope Speedy process, where both the Government and Petitioners are expected to not only respect the Judge and Court; but also one another; and not avoid the Show Cause Orders like they are the plague, and then humiliatingly tell the Court we're not responding to your Order yet again; however, here's a carrot "if you force us to, then give us more time to delay -- we will put something together after yet more strategic delays." The Government may wish, or believe, that if this Court denies Petitioner's 2255 motion on new grounds well within his rights and by waiver and concession by the Government, then so be it. However, make no mistake; although the Government would love nothing more but to see Petitioner go away and die already, Petitioner will never stop pushing to be appropriately heard by the Rule of Law and in the interest of Justice. Petitioner has addressed the false claims proffered in the Government's May 16, 2019 Notice to the Court. The Government offers not one bit of supportive, on the record factual and material evidence in their favor. This is not about their opinion, it is supposed to be about the Rules and the Laws of this country.

Wherefore, the Petitioner, C. Tate George, pro se, Respectfully requests that this Honorable Court first Grant Petitioner's previous April 11th, 2019 Motion to Reply to the Government's "Answer" (and now Notice) even though brief; secondly, Grant this Motion in this Instant Matter (both) Petitioner's 2255 Habeas Corpus filing to overturn Petitioner's conviction; and/or Grant in part Petitioner's request to be resentenced due to harmful errors committed by trial judge, sentencing Petitioner outside of the proper Guidelines concering Relative Conduct, as well as (so-called) Victim Hardship false claims never proven and due to the Government not following rules pursuant to 18 U.S.C. §3664 (and alike) and refusing to address all New Grounds/Arguments never made and/or addressed by the Court or the Government. Such avoidance by the Government to address all new Grounds within the Petitioner's Habeas Corpus 2255 filing, by the Fed.R. and Procd, has officially waived any such despute -

8

which means Petitioner is due for <u>Immediate Release From Custody</u>. The Appropriate
level of 23 (would be the Range of 47-57 months.) Per the Petitioner's prior
filings, Petitioner clearly states he has been out-living those Guidelines
of a max of 57 months by almost ten (10) months and counting.

Third, and lastly; If the Court decides to actually further fact-find
to get to the truth and address what is actually on the record (and not just
take the Government's false and unsubstantiated claims); please immediately
Order an Evidentiary Hearing that Petitioner filed and dated September 15th,
2018; that the Court has yet to decide on and is still pending with the Court;
and for such other and further relief deemed proper and necessary in the interest
of Justice.


Dated:  May 7th, 2019                          Respectfully Submitted,

                                               C. Tate George, pro se
                                               Fed. Reg. No. #63223-050
                                               Allenwood LSCI
                                               PO Box 1000
                                               White Deer, PA 17887

<u>AFFIDAVIT</u>

I HEREBY CERTIFY that the foregoing facts are true and correct to the best of my knowledge and belief upon pain of perjury under 28 USC §1746.

C. Tate George, pro se

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the following Motion Pursuant to Rule 5(E) and Petitioner's Response was mailed this ___19th___ day of ___MAY___ , 2019, by first class mail, postage prepaid to: Zack Intrader, AUSA, Office of the US Attorney, 970 Broad Street, Rm. 700, Newark, NJ 07102.

C. Tate George, pro se

LSCI Allenwood Low
P/O Box 1000
White Deer, Pa 17887

Low Security Correction[al] [Institution]
Allenwood, PA 1
Date 5/20/19

The enclosed letter was processed through
special mailing procedures for for
you. The letter has neither been open
inspected. If the writer raises a qu
    problem over which this facil
jurisdiction, you may wish to re
material for further information or
    If the writer encloses correspon
forwarding to another addr

◇63223-050◇
Judge Anne Thompson
402 E State ST
Trenton, NJ 08608
United States

Clerk of the Court

