IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| C. TATE GEORGE,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | HONORABLE ANNE E. THOMPSON<br><br>Civil Action<br>No. 17-2641 (AET)<br><br>**OPINION** |

**THOMPSON, District Judge:**

1. Petitioner C. George Tate has filed a motion requesting permission to "reply to the government's answer" (ECF No. 57). The motion is dismissed as moot for the reasons explained below.

2. Petitioner filed his motion to correct, vacate, or set aside his federal sentence under 28 U.S.C. § 2255 on April 18, 2017. (ECF No. 1). Since that time, Petitioner has filed various documents and motions with the Court.

3. On December 21, 2018, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania. *George v. United States of America*, No. 18-cv-2412 (M.D. Pa. Dec. 21, 2018).

4. The petition challenged his judgment of conviction issued in the District of New Jersey, *United States of America v. George*, No. 12-cr-204 (D.N.J. Jan. 21, 2016). Petitioner argued the methodology used at sentencing caused him to be sentenced outside of the correct guidelines; the Government's post-trial admissions "created an illegal enhancement by the Court at sentencing"; "no fact finding required by the Government for sentencing that led to multiple

errors leaving Petitioner to be illegally sentenced above the appropriate Guideline-Range"; and the "Court committed harmful error(s) by miscalculating Petitioner's Sentencing Guideline Range."

5. On April 2, 2019, the Honorable Yvette Kane, U.S.D.J., concluded that the petition should be transferred to this district for consideration of the merits because Petitioner's § 2255 motion was still pending. *George*, No. 18-cv-2412 (M.D. Pa. Apr. 2, 2019) (ECF No. 7).

6. This Court reviewed the petition upon receipt and concluded that the claims raised in the § 2241 petition were more appropriately considered under § 2255. It therefore instructed the Clerk's Office to file the § 2241 petition as a motion to amend in Petitioner's § 2255 case. The Clerk did so, and the § 2241 proceeding was closed. (*See generally* ECF No. 52).

7. The documents filed as the § 2241 petition in *George*, No. 18-cv-2412 (M.D. Pa.) are now pending before the Court as a motion to amend, ECF No. 54.

8. After the Court's order, Petitioner filed his "motion seeking Court's permission to reply to the government's answer (by way of Court Order) under Rule 5 'the Answer and the Reply' (A)(E)." (ECF No. 57). In his motion, Petitioner cites the Court's order for the United States to respond to his motion to amend. (*Id.* at 1).

9. He argues it would be unfair if he were unable to respond to the United States' answer to "such a Ruling by the 2241 Judge (Kane) . . . ." (*Id.* at 2).

10. Petitioner is mistaken. Judge Kane made no findings on the merits of the claims raised in the § 2241 petition before transferring the petition to this Court for consideration of the merits. This Court, in turn, instructed the § 2241 to be treated as a motion to amend the pending § 2255 petition. As such, the normal motion practice governs.

2

11. The United States has filed its opposition to the motion. (ECF No. 60). Petitioner did not need the Court's permission to file reply papers after opposition papers have been filed.

12. The Court has received and filed Petitioner's opposition papers on May 22, 2019. (ECF No. 61). The motion is now fully briefed.

13. Should the Court require further briefing on any issue, all parties shall be given the opportunity to address the Court.

14. The Court dismisses the motion for permission to respond as moot.

15. An accompanying Order will be entered.

5/29/19
Date

ANNE E. THOMPSON
U.S. District Judge