IN THE UNITED STATES DISTRICT COURT
FOR THE THIRD CIRCUIT

RECEIVED

AUG 29 2019


Chambers of
Anne E. Thompson, U.S.D.J.

C. Tate George,
    Petitioner

v

United States of America,
    Respondent

Civil Action No. 17-2641

Crim. Action No. 3:12-CR-204-01-(AET)

**PETITIONER'S MOTION UNDER RULE 1:
"SCOPE AND PURPOSE"; TO COMPEL THE COURT
TO PROCEED WITH PETITIONER'S 2255 FILING
DUE TO COMPELLING AND EXTRAORDINARY CIRCUMSTANCES;
IN LIGHT OF RECENT SUPREME COURT CASE LAWS,
THAT AFFECT PETITIONER'S CASE AT BAR;
AND THE GOVT'S DECISION NOT TO ANSWER
THE COURT'S SO-CAUSE ORDER;
THUS CONCEDING TO ONE OF
THE GROUNDS WITHIN PETITIONER'S 2255 FILING**

NOW BEFORE the Court, Petitioner C. Tate George's pro se Motion to Compel the Court to proceed (expedite) a Ruling on his case for Relief in his pending Habeas Corpus §2255 Petition before the Court. This Motion is filed due to the Govt's concession to not address the Court's final so-cause Order pertaining to "relative conduct concerning enhancements illegally applied at Petitioner's Sentence"; and thus recent Supreme Court rulings in favor of Petitioner qualifies Petitioner for immediate release from custody; in support thereof Petitioner states the following:

## I. BRIEF HISTORY

Petitioner filed his Habeas Corpus §2255 filing in mid-2017! After more than 2-years of delays purposefully caused by the Govt., the Court concluded its final ruling on or around May 29th, 2019 (See Docket #63); once the Govt. declined to answer the Court's Show Cause Order. (See copy of letter, Attachment #1 filed with the Court on or around May 16th, 2019).

As stated, there have been multiple so-cause orders ignored purposfully by the Govt. in an attempt to avoid addressing Petitioner's merited claims such as:

1

1) On August 28, 2017 - Court set a scheduling date for 60 days for the Government to respond. The Government missed the deadline by almost 30 days, and the Court issued an Order to Show Cause.

2) On November 27, 2017 - the Court per the Government pleas, vacated the Order and issues another Order with a January 21, 2018 Response deadline for the Government (even after giving no legitimate reason why they missed the Response Date ordered).

3) On March 8, 2018 - The Court issued yet another Order allowing until April 30, 2018 and so further ordered "that no further extension of time will be permitted." This Order was not adhered to because on April 30, 2018, the Court signed an Order on the very Government request letter/document provided to the Court at the 11th hour of the deadline date for the Government to respond (Exhibit attached). The excuse given in this letter has been repeated on at least two (2) different occassions to grant almost a total of six (6) months (and counting) to reply to Petitioner's §2255 filing. (See Attachment F)

4) On August 1, 2018, the Government once again failed to meet the Court-ordered deadline to respond of July 31, 2018 (and so on).

5) As of this filing, 90 (plus) days have elapsed since the Court's final ruling to close out the Answer and Reply process under the Fed.R. and Procd.Rule 5.

## II. PRELIMINARY STATEMENT

Fed.R. of Procd. states that under Rule 1: "Scope and Purpose", clearly states the following;

> The Rules govern the Procedure in all civil actions and proceedings in the United States District Court, except as stated in Rule 81. They should be constructed, administered and employed by the Court and the parties to "secure the just, speedy and inexpensive determination of every action and proceeding." (History:)(Amended April 29, 2015)(eff. Date Dec 1, 2015).

As per this filing, Petitioner's Habeas Corpus §2255 filing has exceeded 2-years since his 2255 filings (including several amendments); of great importance are unrefuted material facts before the Court concerning false claims proffered by the Govt. at Petitioner's sentencing, that the Supreme Court as well as Lower Courts have now determined since 2016, to be illegal and unconstitutional pertaining to sentencing individuals regarding so-called relative conduct to be considered by Courts against a defendant; post facto of a trial.

2

The following cases have been handed down in favor of Petitioner's case that eliminates Relative Conduct enhancements to a defendant, such as:

- Molina-Martinez v. U.S., 136 S.Ct. 1338, 1344 April 20, 2016;

- Rosales-Mireles v. U.S., 138 S.Ct. No. 1897 (2018);

(ALSO LOWER COURT DECISION:)

- Jones v. U.S., 647 F.3d 706; 2011 US App LEXIS 7541; 2011 Fed.App.0088P;

- Antonucci v. U.S., 667 Fed Appx. 121, 2016; US App. LEXIS 11396

- Haskell v. Superintendent Greene SCI, 2017, BL 266640, No. 15-34; 27 (3rd Cir. 2017)

  (Deals with proffered perjury that led to an enhanced illegal sentence already filed with the Court back in 2017 -- See Attachment B)

- Harris v. U.S., No. 17-3341 (3rd Cir. 2018)

All these cases (just to name a few) directly affect Petitioner's case at bar, when these Court's findings, that Relative Conduct concerning loss amount determination is unconstitutional post facto of trial (or a plea), when a court decides to enhance a defendant outside the guidance and finding by a jury.

In addition; recently the Govt's decision not to appropriately address such claims and rulings cited within Petitioner's filings; legally means, as a matter of Law; that the Govt. concedes to any and all claims made by Petitioner, (that not only the Jury of his trial) that the Govt. did not make a finding of a loss amount beyond ($510,000) at trial; the Jury also never decided on so-called victims' hardship claims never proffered at trial; nor proven under the Fed. R.of Procd.

In fact; in the Govt's concession letter to the Court; they purposely avoid to mention that they never appropriately established sentencing guidelines for loss and restitution where pursuant to 18 USC §3664 it states the following:

<u>ESTABLISHING SENTENCING GUIDELINES FOR LOSS AND RESTITUTION</u>

Pursuant to 18 USC §3664, the probation officer shall conduct an investigation into loss for restitution purposes. In addition, the Probation Officer (not the Government) shall prepare a complete accounting of each of the victims losses to assist in the preparation of the accounting, the Probation Officer is required to provide notice to each of the victims and afford them an opportunity to submit affidavits detailing their losses. 18 USC §3664(d)(2), and subparagraph (IV).

This sadly did not occur, thus creating an illegal sentence against the Petitioner of (108) months; when all the Court was legally allowed to sentence Petitioner to would be (57) months (on the high end) of the appropriate guideline range.

As an example and to remind the Court of why the Govt's claims are false when they state in their decline-letter to address the "relative conduct and so-called victims loss" tally amount never proven post-facto of the trial; the Govt. lies when they state "Petitioner previously argued relative conduct in and on his direct appeal. (Paraphrasing here--again see Attachment A for full context of the Notice/Letter to the Court on file).

What's more; there is unrefutable evidence contradicting the false narrative offered up by the Govt., in which cannot be substantiated by facts already on the record; and thus Petitioner's Motion for immediate relief is appropriate and has merit, such as:

1) As part of Petitioner's original §2255 filing, listed as (Appendix #15; also presented to the Court prior to sentencing under (DSX - #50 - CR-12-204 (MLC); the actual request for "Advance Authorization for Investigative, Expert or Other Services" form. This form was created and signed off on by former presiding Judge Cooper and Chief Judge, United States Court of Appeals, approving funds that would go towards the completion of the forensic report; that was not used at sentencing for Petitioner. Period! (See Attachment C).

If the Court would kindly review the section under, "Reasons for Application". The Court would see the following;

> "Mr. George, acting pro se in this matter seeks a forensic accounting certified on trial witnesses (only) to verify any money loss for proper sentencing by the Judge."

In sum; the Govt's false claims Petitioner previously argues Relative Conduct of Loss victims by way of the forensic report on direct appeal, is completely wrong! This document (the forensic report) is solely reflective of those that went to trial to the tune of $510,000, and no one else. Thus, Petitioner could not have argued previous claims of loss to others not a part of the trial under the unconstitutional rules of unproven (outside of a Jury ruling-verdict) so-called relative conduct only proffered post-trial, by the Govt'. using the method of perponderance of perjured evidence and not accurate evidence available to the Court at the time of sentencing. Simply put, this statement is a flat-out lie and is not supported by the record.

4

2) Next; such evidence also provided to the Court pre-sentencing like Attachment D; Letter (one of two) written to the Court by business partner Kenneth Chucky Atkins, clearly stating he is not owed a sum of $364,000. (Note: This document is Attachment #6 of Petitioner's original §2255 filing). The Court refused to use this evidence as a deduction to any loss calculation per the Fed.R.of Procd. (Note: Mr. Atkins called and wrote the Court requesting to testify to this fact, but the Court rebuffed him and many others at the time of sentencing).

3) Finally, a letter sent by another business partner (the Trachtenberg's) confirming total support of Petitioner stating in part;

> "Tate had full rights to use the money (we invested of $620,000 USD) as he wanted for projects, personal overhead and for his company use as he saw fit." (See Attachment E of the full contexty of the certified letter).

Again, the Court refused to use this evidence at the time of sentencing. Such small sample of evidence already filed with the Court proves beyond a doubt, that the Govt.s avoidance to not have the probation office follow the rules under statute 3664; is consistent with the hardcore evidence, that they had actually asked individuals about relative conduct loss; the Govt. had foreknowledge that they - nor the Probation Office would have never been able to gather supportive evidence, that would suggest that any form of claims of loss post-facto of a trial existed. Period!

It's safe to say, this is the reason the Govt. has spent two (2) years doing everything within their power to delay and/or destract the Court from properly addressing this illegal enhancements that now cannot stand based on laws (cases) handed down that are now considered inappropriate at best; or unconstitutional at worst.

### IV.  ARGUMENT

Petitioner's §2255 deals with both his convictions as well as; illegal enhancement applied by this Court post-facto of trial.

Petitioner files this "Rule 1 Motion" ; due to extreme (compelling) and extraordinary reasons, such as the fact that Petitioner is now coming up on more than <u>one (1) year anniversary past</u> the correct guideline range applied at his sentence; based on both recent Supreme Court rulings; along with at least two (2) Lower Court (3rd) District Court rulings cited already

in this Motion. (See the Preliminary Section for cases).

Petitioner in addition to filing his Habeas Corpus §2255 application/ memorandum brief and reply brief (also amendments); he has also filed a motion for an immediate hearing (evidentiary) under Rule 8.1, that has not been decided on by the Court at the time of this Motion being filed.

Petitioner's case (at least concerning the illegal enhancements) is not at all complicated, and such recent higher and lower Court rulings has made it even easier/clearer, that Petitioner's sentence is an illegal sentence and must be corrected thus granting Petitioner's immediate release from custody.

The decision in Molina-Martinez is directly applicable to this case: the illegal sentence includes illegal sentence enhancements involving not only a miscalculation of victim losses, but also the court's "plain" errors included the application of a four-level enhancement for victim hardship without proof of same by the government. Therefore, this four-level enhancement must be also deducted from the determination of the proper Guidelines Range for the purposes of sentencing.

## V. CONCLUSION

Petitioner challenges both his conviction and the District Court's determination of loss and the substantive reasonableness of his sentence. Courts are widely in agreement that the "District Court's 'factual findings' for clear error, and its interpretation and applications of the guidelines de novo." U.S. v. Williams, 627 F.3d 324, 327 (8th Cir. 2010)(quoting) U.S. v. Byas, 581 F.3d 723, 725 (8th Cir. 2009).

Petitioner does not want to burden the Court; however; because Petitioner's case is extremely compelling and extraordinary, having Petitioner out-living his correct sentencing guidelines, once having the Court correct such illegal sentencing. Petitioner respectfully requests that the Court proceed with its rulings in both instances, concerning the conviction and sentencing matter ASAP, to not further create unnecessary hardship, based on recent Higher Court favorable rulings. It has been more than (90) days since the Court last closed the Answer and Reply process; concluding with the Govt's own declining to address new case laws in favor of Petitioner as well as; declining to defend its clear violation of the Fed.R. of Procd. pursuant to 18 USC §3664; against Petitioner and is a violation of Petitioner's 5th Amendment Rights of Due Process. Period!

WHEREFORE, the Petitioner, C. Tate George, pro se, hereby respectfully requests this Honorable Court to GRANT Petitioner's Motion for an immediate decision pursuant to Supreme Court ruling in (Molina-Martinez) and (Rosales-Mireles 2018) in favor of Petitioner concerning and including the illegal sentence enhancements of miscalculation of so-called victim loss amount never proven by a Jury or by way of the Probation office; thus creating a downward departure to time-served for Petitioner, while the Court makes its determination pertaining to the conviction and ineffective assistinace of counsel claims made by Petitioner pursuant to 18 USC §2255 Habeas Corpus laws. This Motion is a simple attempt to remind the Court that Petitioner is illegally being held, based on new Higher and Lower Court Rulings in favor of Petitioner thus causing relief he is now legally entitled to by Law.

Dated: August 29, 2019

Respectfully Submitted,

*[signature]*

C. Tate George, pro se
Fed. No. 63223-050
LSCI Allenwood
PO Box 1000
White Deer, PA 17887

## AFFIDAVIT

I HEREBY CERTIFY that the foregoing facts are true and correct to the best of my knowlege and belief upon pain of perjury under 28 USC §1746.

_____
C. Tate George Pro-Se

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the following motion for default judgment was mailed this 29th day of September 2018 by First-Class Mail, postage prepaid to: Zack Intrader AUSA, Office of the US Attorney, 970 Broad Street, Room 700, Newardk NJ 07102.

_____
C. Tate George Pro Se

ATTACHMENTS (A - F)

TRULINCS 63223050 - GEORGE, C TATE - Unit: ALF-B-B

------

FROM:
TO: 63223050
SUBJECT: The government's response
DATE: 05/16/2019 03:36:02 PM

Short enough to copy and paste:


RESPONSE TO MOTION TO AMEND PETITIONER'S VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

Petitioner C. Tate George has filed yet another motion in yet another forum in yet another baseless attempt to vacate his convictions for wire fraud. This time, the motion has been construed as a motion to amend Petitioner's original § 2255 petition. (The instant motion was construed as such by this Court after Petitioner attempted to file a separate petition pursuant to 28 U.S.C. § 2241, see Dkt. No. 52). Petitioner's latest salvo should be rejected by this Court.

In his initial petition, Petitioner simply repackaged the original claims he made on direct appeal into "ineffective assistance" claims, which were already litigated (and rejected) by the Court of Appeals. Now, Petitioner has yet again repackaged the same complaints into another, seemingly different, vessel: a socalled Guidelines calculation error and a complaint about the Pre-Sentence Report. Undergirding these claims, though, are the exact same complaints that he put forth both on direct appeal and in his original 2255 Petition, regarding the fulsomeness of his attorney's preparation and a so-called "forensic business report."

Because Petitioner is not actually making any new claims, the Government will respectfully rely on its initial Response to Petitioner's Petition. If the Court Case 3:17-cv-02641-AET Document 60 Filed 05/15/19 Page 1 of 3 PageID: 1067  2  wishes for additional briefing by the Government, the Government will of course be happy to provide it. At long last, the court system should be finished with this matter  more than seven years in the making. This Court should deny Petitioner's § 2255 motion without a hearing.

ATTACHMENT A

IN THE UNITED STATES DISTRICT COURT
FOR
THE THIRD CIRCUIT

UNITED STATES OF AMERICA   *

v.   *

                                  Docket: 2641 (MLC)

                                  Crim. No.: 3:12-cr-204-01 (MLC)

C. TATE GEORGE   *

    Petitioner

*  *  *

PETITIONER'S REQUEST FOR LEAVE TO FILE
SUPPLEMENTAL BRIEF BASED ON RECENT
THIRD CIRCUIT CASE PRECEDENT

**NOW COMES** the Petitioner, C. Tate George, pro se, and requests leave to file a supplemental brief based on recent Third Circuit case precedent. This supplemental brief is submitted in support of his pending habeas petition pursuant to 28 U.S.C. Section 2255, and states as follows:

On August 1, 2017, the Third Circuit Court of Appeals decided the case of Haskell v. Superintendent Greene SCI, 2017 BL 266640, 3d Cir., No. 15-3427 (3d. Cir. 2017). In Haskell, the court ruled that prosecutors who knowingly present perjured witness testimony or fail to correct it violate a defendant's right to a fair trial. In writing for the court, Circuit Judge Thomas L. Ambro asked the following question: "At root is how can a defendant possibly enjoy his right to a fair trial when the state is willing to present (or fails to correct) lies told by its own witness and then vouches for and relies on that witness's supposed honesty" in its closing argument? He answered that question by quoting the U.S.

-1-   ATTACHMENT B

Supreme Court in Napue v. Illinois. He is quoted as stating further that "A lie is a lie, no matter what its subject, and, if it is any way relevant to the case, the district attorney has the responsibility and duty to correct what he knows to be false and elicit the truth."

In Haskell, the defendant was found guilty of a murder that stemmed from a bar shooting; a government witness testified against the defendant and claimed she didn't expect any benefit from her testimony. However, the prosecutor knew she was getting favorable treatment in her own criminal case in exchange for her testimony. The prosecutor not only failed to correct her, but restated her claim that she wasn't receiving a benefit. Doing so violated the defendant's right to a fair trial. The conviction was **VACATED**.

In the case at bar, there is irrefutable evidence that the prosecutor suborned perjury of two of its star witnesses, Ralph Ramsey and Dwayne Taylor, who both testified that neither had signed a "release" of invested funds authorized Petitioner to disburse said funds to Defendant Ejekam relating to the Illinois Project. Evidence of this subornation of perjury consists of the actual signed "release" which was inadvertently delivered by the government to Petitioner, and presented to Petitioner as "pre-trial" discovery material during the actual trial proceeding! Thus, the government had prior knowledge of the fact that both Ramsey and Taylor perjured themselves during their trial testimonies. As star witnesses, their perjured testimony was "material" to the case and had a prejudicial influence on the jury constituting "false evidence". Thus, the credibility of the government's entire case was compromised and Petitioner's right to a fair trial was violated. Period.

-2-

Evidence of the actual "release" signed by Ralph Ramsey (on behalf of both himself and Dwayne Taylor) is attached to the Petitioner's habeas petition under 28 U.S.C. Section 2255 now pending before this Honorable Court as Exhibit "E" thereof.

**WHEREFORE**, the Petitioner, C. Tate George, pro se, requests that the recent decision in <u>Haskell</u> be acknowledged as applicable case authority in support to his pending Section 2255 petition.

Dated: Aug, 9th 2017

Respectfully submitted,

_____
C. Tate George, pro se
Fed. No. 63223-050
FCI Fort Dix
Box 2000
Joint Base MDL, NJ 08640-5433

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Request for Leave to file this supplemental brief was mailed on this 9th day of August, 2017, by first-class mail, postage prepaid to:

Bruce P. Keller, AUSA
Office of the U.S. Attorney
970 Broad Street
Rm. 700
Newark, NJ 07102

_____
C. Tate George, pro se

-3-

# Request for Advance Authorization for Investigative, Expert or Other Services

TO: Chief Judge (or Delegate) (HON. THEODORE A. McKee
United States Court of Appeals For the __3RD__ Circuit

DATE: 6-10-15

FROM: C. TATE GEORGE

SUBJECT: Advance Authorization for Investigative, Expert, or Other Services

It is requested that advance authorization be granted to obtain services in an amount in excess of the maximum allowed under the provisions of subsection (e)(3) of the Criminal Justice Act, 18 U.S.C. § 3006A, [or, for capital cases commenced, and appellate proceedings in which an appeal is perfected, on or after April 24, 1996, under 18 U.S.C. § 3599(g),] as follows:

Case Name & Designation USA v. C. TATE GEORGE

Name of Expert or Investigator or Service Provider Joseph B. Matheson

Address 110 S. Jefferson Road Whippany, N.J. 07981

Type of Service Accounting Services

Reasons for Application

Mr. George, acting Pro se' in this matter seeks a forensic accounting "Certified" one trial witnesses to verify any money loss for Proper Sentencing by the Judge.

Estimated Compensation (Non-Capital Case) $ 15,000 + Expenses

Estimated Compensation and Expenses (Capital Case) $_____

ATTACHMENT C

Last revised August 2, 2010

(Appendix 15)

DEFENDANT'S EXHIBIT DSX-50

*Guide to Judiciary Policy*, Vol. 7A, Appx. 3A                                                          Page 2

Estimated Compensation and Expenses of All Investigative, Expert, and Other Services (Capital Case) $ _____

I certify that the estimated compensation in excess of the maximum set forth in 18 U.S.C. § 3006A(e)(3) [or, if applicable, the estimated compensation and expenses in excess of the maximum set forth in 18 U.S.C. § 3599(g),] appears necessary to provide fair compensation for services of an unusual character or duration and therefore recommend approval of this advance authorization in the amount of

$ _15,000 PLUS EXPENSES_

_Mary L. Cooper_                                _JUNE 25, 2015_
United States District Judge                   Date

Advance authorization is hereby approved in the amount of

$ _15,000 + Expenses_

_____                    _6/26/15_
Chief Judge, United States Court of Appeals     Date
        (or Delegate)

Honorable Mary L. Cooper
United States District Judge
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 7W
Trenton, NJ 08608

May 25, 2017

Re: USA v. C. TATE GEORGE 3:12-cr-204 (MLC)

Dear Judge Cooper:

In support of Mr. C. Tate George's 2255 application to the Federal District Court and Honorable Mary L. Cooper, please allow this letter to serve as written representation and proof that I was never contacted pre-trial, during trial, or post-trial in the above-mentioned case by defense attorney David Schafer, who represented Mr. George in this matter.

It has come to my attention that I was wrongly admitted as a loss victim at Mr. George's sentencing. Please allow this certified letter to serve as notice and proof to the court that Mr. George, nor The George Group, does not personally or otherwise owe me any monetary amount, specifically $364,000. Any and all investments were at risk investments, as I am a partner with Mr. George in several companies and ongoing real estate projects. I am aware of each real estate project and all civil litigations pending that have yet to be resolved.

May the court accept this sworn statement of mine as further acknowledgment that Mr. George and I are still working together and are in good standing as business partners. Lastly, I have not been defrauded of any of my investments.

I am prepared to testify to these facts in court to clear up this misunderstanding and/or misrepresentation to the court presented by the prosecutors at sentencing regarding my investment/involvement with Mr. George and our partnership.

If you need to contact me regarding this statement, you can do so on my cell phone at (407) 259-8982 or my email at atkins.chucky407@gmail.com.

Respectfully Yours,

*[signature]*

Kenneth Chucky Atkins

ATTACHMENT D

STATE OF Florida, COUNTY OF Orange, ss.:

On this day, personally appeared before me

Kenneth Lavon Atkins JR,

to me known to be the person(s) described in and who executed the within and foregoing instrument, and acknowledged that he/she signed the same as his/her voluntary act and deed, for

Attach # 6

the uses and purposes therein mentioned.

Witness my hand and official seal hereto affixed

this 25 day of MAY, 2017.

_(signature)_

Notary Public in and for the State of Florida.

My commission expires 3/3/2021.

Notary Public State of Florida
Maria A Lloret
My Commission GG 049362
Expires 03/03/2021

# From the Desk of Howard and Elaine Trachtenberg

September 28, 2011

We, Howard and Elaine Trachtenberg In 2006 we wired or given in person Tate George and his company The George Group LLC around $350,000 for projects we were looking to secure and for a loan.

We, Howard and Elaine Trachtenberg have invested more then $620,000 USD with Tate George and the George Group LL since $2005 to the current date.

Tate has kept me and my family up to date on all his dealings with money, how the funds were being spent and he had full rights to use the money as he wanted for projects, personal overhead and for his company use as he saw fit. We have no complaints to what he has done with our money. We are in good standing and we look forward to future deals together.

Howard and Elaine Trachtenberg

Sign and notarize _Howard Trachtenberg_
_Elaine Trachtenberg_

State of Florida
County of Palm Beach

ATTACHMENT E

Acknowledged before me this 28 day of September 2[011]

_Diane Berlingo_



DIANE BERLINGO
Commission DD 772227
Expires April 5, 2012
Bonded Thru Troy Fain Insurance 800-385-7019

(Appendix 6A)



**U.S. Department of Justice**

*United States Attorney*
*District of New Jerse*

970 Broad Street, 7th Floor  973-645-2700
Newark, New Jersey 07102

April 30, 2018

**VIA ECF**
Honorable Anne E. Thompson
United States District Judge
Clarkson S. Fisher U.S. Courthouse
402 East State Street
Trenton, NJ 08606

Re: Tate George v. United States, 17-2641 (AET)

Dear Judge Thompson:

Please accept this letter to respectfully request additional time to respond to Petitioner's § 2255 petition on this matter.

The undersigned is scheduled to be begin a trial before Your Honor on May 15, 2018. The Government would therefore respectfully request a response date of July 31, 2018, to respond to the petition.

RECEIVED

APR 30 2018

AT 8:30_____M
WILLIAM T. WALSH
CLERK

Respectfully submitted,
CRAIG CARPENITO
United States Attorney
S/ Zach Intrater
By: Zach Intrater

Assistant U.S. Attorney

ATTACHMENT F